UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21301 Cv-Gayles

FILED by _____ D.C.

APR 1 2 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARIEL QUIROS,
WILLIAM STENGER,
JAY PEAK, INC.,
Q RESORTS, INC.,
JAY PEAK HOTEL SUITES L.P.,
JAY PEAK HOTEL SUITES PHASE II L.P.,
JAY PEAK MANAGEMENT, INC.,
JAY PEAK PENTHOUSE SUITES L.P.,
JAY PEAK GP SERVICES, INC.,
JAY PEAK GOLF AND MOUNTAIN SUITES L.P.,
JAY PEAK GP SERVICES GOLF, INC.,
JAY PEAK LODGE AND TOWNHOUSES L.P.,
JAY PEAK GP SERVICES LODGE, INC.,
JAY PEAK HOTEL SUITES STATESIDE L.P.,
JAY PEAK GP SERVICES STATESIDE, INC.,
JAY PEAK BIOMEDICAL RESEARCH PARK L.P.,
AnC BIO VERMONT GP SERVICES, LLC,

Defendants, and

JAY CONSTRUCTION MANAGEMENT, INC.,
GSI OF DADE COUNTY, INC.,
NORTH EAST CONTRACT SERVICES, INC.,
Q BURKE MOUNTAIN RESORT, LLC,

Relief Defendants.
_____/

## PLAINTIFF'S MOTION FOR APPOINTMENT OF RECEIVER AND MEMORANDUM OF LAW

Plaintiff Securities and Exchange Commission moves this Court for an Order appointing a Receiver over Defendants Jay Peak, Inc., Q Resorts, Inc., Jay Peak Hotel Suites L.P. ("Suites Phase I"), Jay Peak Hotel Suites Phase II L.P. ("Hotel Phase II"), Jay Peak Management, Inc. ("Jay Peak Management"), Jay Peak Penthouse Suites L.P. ("Penthouse Phase III"), Jay Peak GP

Services, Inc. ("Jay Peak GP Services"), Jay Peak Golf and Mountain Suites L.P. ("Golf and Mountain Phase IV"), Jay Peak GP Services Golf, Inc. ("Jay Peak GP Services Golf), Jay Peak Lodge and Townhouses L.P. ("Lodge and Townhouse Phase V"), Jay Peak GP Services Lodge, Inc. ("Jay Peak GP Services Lodge"), Jay Peak Hotel Suites Stateside, L.P. ("Stateside Phase VI"), Jay Peak GP Services Stateside, Inc. ("Jay Peak GP Services Stateside"), Jay Peak Biomedical Research Park L.P. ("Biomedical Phase VII"), and AnC Bio Vermont GP Services, LLC ("AnC Bio Vermont GP Services") (collectively "Corporate Defendants"), and Relief Defendants Jay Construction Management, Inc. ("JCM"), GSI of Dade County, Inc. ("GSI"), North East Contract Services, Inc. ("Northeast"), and Q Burke Mountain Resort, LLC ("Q Burke") (collectively, "Relief Defendants"), with full and exclusive power, duty, and authority to: administer and manage their business affairs, funds, assets, causes of action and any other property of the Corporate Defendants and Relief Defendants; marshal and safeguard all of the assets of the Corporate Defendants and Relief Defendants; and take whatever actions are necessary for the protection of the investors. For the reasons set forth below, in order to protect investors, it is essential that the Court appoints a Receiver over the Corporate Defendants and Relief Defendants. It is also extremely important that the Court appoint the candidate nominated by the Commission, since he has undertaken extensive pre-filing efforts to ensure the continued operation of the ski resorts, Jay Peak and Q Burke Resort, and to continue operating Phases I-V and the portion of Phase VI (the Stateside Hotel) that have been fully built using investors funds, and need to continue operating to help generate returns for investors.[1]

---

[1] Conversely, the remainder of Phase VI has not been completed and Phase VII construction has barely begun. The Commission estimates, that even if fully funded through additional EB-5 investments, it will take approximately $69 million to complete the remainder of Phase VI and Phase VII. Hence, a Receiver is needed over those projects to, among other things, whether to complete them or, if not, how to maximize assets for the benefit of investors.

In connection with this request to appoint a Receiver over the Corporate Defendants and Relief Defendants, the Commission's staff has solicited expressions of interest from potential receivers it believes are well-suited to handle this matter. The Commission attaches the credentials of the top three candidates as Exhibits 1 through 3 to this motion.

After considering each of these excellent candidates, the Commission's staff believes the interests of investors would best be served by appointing Jeffrey C. Schneider, Esq. to serve as Receiver over the Corporate Defendants and Relief Defendants. Mr. Schneider, whose credentials are attached as Exhibit 1, is a partner with the law firm of Levine, Kellogg, Lehman, Schneider & Grossman, LLP in Miami, Florida, and the co-chair of its receivership group. His letter and resume indicate that during Mr. Schneider's 25-year career, he has previously served as a Receiver, and been lead counsel to Receivers, on multiple occasions. Mr. Schneider has been a Receiver on behalf of the Commission, Commodity Futures Trade Commission, Federal Trade Commission, and the Florida Office of the Attorney General. In addition, his firm has extensive experience and expertise in Receiverships. Because of the size and scope of the Receivership, which will involve continuing to operate some businesses, determining a long-term exit strategy for those businesses, determining what to do with Phases VI and VII, and significant forensic accounting and asset management, among other tasks, a Receiver with Mr. Schneider's extensive experience is essential.

Moreover, Mr. Schneider is willing to significantly discount his and his firm's current hourly rates. He is willing to discount his normal hourly rate by more than half, from $575 an hour to a capped rate of $260 an hour. Additionally, the firm's partners normally charge from $450 to $600 an hour, but he will substantially reduce and cap those rates at $250 an hour. The firm's associates normally charge from $325 to $375 an hour and he will also significantly

3

reduce and cap his associates' rates at $200 an hour cap; and his firm's paralegals will charge no more than $125 an hour. Not only will these considerable rate reductions substantially reduce the costs of the Receivership to defrauded investors, they are significantly lower rates than the other candidates offered.

Mr. Schneider has already undertaken extensive pre-filing efforts to ensure a seamless transition from the Defendants' operation of the EB-5 projects described in more detail in our Emergency Motion for Temporary Restraining Order, Asset Freeze, and Other Relief to the Receivership. Most important, this includes the continued operation of the ski resorts, Jay Peak and Q Burke Resort, Phases I-V, and the portion of Phase VI (the Stateside Hotel) that has been completed. These Phases have been fully built using investors funds, and need to continue operating to help generate investor returns.[2] He has also taken the necessary pre-filing steps needed to quickly and efficiently take control of other Receivership assets and operations that are located in Miami. In total, Mr. Schneider has assembled three different teams to quickly and efficiently secure: (a) the ski resort and EB-5 projects located in Jay Peak; (b) the ski resort located at Q Burke Resort; and (c) the Receivership office located in Miami. These pre-filing steps include:[3]

- Selecting a management company with extensive experience running hospitality companies in distressed situations. The management company is standing by to

---

[2] Also, since conduct based injunctions are needed to prevent Defendants Ariel Quiros and William Stenger from inflicting additional harm on investors, the Receiver will need to bring in new senior management to ensure the continued operation of the operating projects.

[3] It would take several days, if not longer, for another candidate to complete all these steps if the Court appoints another Receiver, including selecting a management company and having a team assembled in upstate Vermont to take control of two ski resorts. This could delay the start of the Receivership and further cause investor assets to be dissipated and endangered.

4

   take control of the ski resorts, and can be on site at the ski resorts located in upstate Vermont the same day the Court appoints the Receiver.

- Selecting a forensic accountant with extensive experience in Receiverships to help secure the records and the computers of the Receivership entities. The forensic account or members of his team are also standing by and ready to go on site today in upstate Vermont and in Miami.

- The proposed Receiver and members of his firm are traveling today to upstate Vermont and will be able to lead a team to take control of the ski resorts and other operations immediately upon the Court's appointment.

- Members of the Receiver's firm will also today be in a position to take control of the Receivership property, which is located in Miami.

- The proposed Receiver has also taken the necessary steps to ensure there are security personnel that can accompany him and members of his team when he takes control of the Receivership offices located in upstate Vermont and Miami.

Thus, the Commission's proposed Receivership candidate, Mr. Schneider, is best suited to quickly and efficiently take control of the Receivership property with minimal disruption to the Receivership entities' ongoing operations. The appointment of anyone else will delay that Receiver taking control of the businesses, possibly by days, leaving the businesses without anyone to operate them. Accordingly, the Commission requests that the Court appoint Mr. Schneider as Receiver over the Corporate Defendants and Relief Defendants. Alternatively, the Commission requests that the Court appoint as a second choice Michael Goldberg, Esq., and as a third choice, Dan Newman Esq.

## *MEMORANDUM OF LAW*

The Court should appoint a Receiver over the Corporate Defendants and Relief Defendants with full and exclusive power, duty, and authority to: administer and manage their business affairs, funds, assets, causes of action and any other property of the Corporate Defendants and Relief Defendants; marshal and safeguard all of the assets of the Corporate Defendants and Relief Defendants; and take whatever actions are necessary for the protection of the investors.

The appointment of a Receiver is a well-established equitable remedy available to the Commission in civil enforcement proceedings for injunctive relief. *See, e.g., SEC v. First Financial Group of Texas*, 645 F.2d 429, 438 (5th Cir. 1981); *see also* Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a), and Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa. The appointment of a Receiver is particularly appropriate in cases such as this where a corporation, through its management, has defrauded members of the investing public. *First Financial Group of Texas*, 645 F.2d at 438. In such cases, without the appointment of a Receiver to maintain the status quo, the corporate assets will be subject to diversion and waste to the detriment of those who were induced to invest in the fraudulent scheme. *Id. See also R.J. Allen & Associates, Inc.*, 386 F. Supp. 866, 891 (S.D. Fla. 1974). A Receiver is appropriate to protect the public interest when it is obvious that those in control of an entity who have inflicted serious detriment in the past must be ousted. *SEC v. Bowler*, 427 F.2d 190, 198 (4th Cir. 1970).

The Corporate Defendants and Relief Defendants have collectively received more than $350 million of investors' funds, and the last two Phases have significant shortages. At this juncture, the Corporate Defendants and Relief Defendants need a Court-appointed Receiver to act in their best interests and to maximize value for defrauded investors.

## Certification of Counsel

Counsel for the Commission did not confer with the Corporate Defendants or Relief Defendants regarding the requested relief, since in order to prevent further dissipation of assets, we are seeking this relief in connection with an *ex parte* Temporary Restraining Order that we are filing under seal.

## CONCLUSION

For the foregoing reasons, the Commission requests that the Court grant its request for the appointment of Mr. Schneider, Esq., as Receiver over the Corporate Defendants and Relief Defendants. A proposed order is submitted herewith.

April 12, 2016

By: s/Robert K. Levenson
Robert K. Levenson, Esq.
Senior Trial Counsel
Florida Bar No. 0089771
Direct Dial: (305) 982-6341
Email: levensonr@sec.gov

By: *[signature]*
Christopher E. Martin, Esq.
Senior Trial Counsel
SD Fla. Bar No. A5500747
Direct Dial: (305) 982-6386
Email: martinc@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154