UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-21301-GAYLES

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

v.

ARIEL QUIROS,
WILLIAM STENGER,
JAY PEAK, INC.,
Q RESORTS, INC.,                                           **UNDER SEAL**
JAY PEAK HOTEL SUITES L.P.,
JAY PEAK HOTEL SUITES PHASE II L.P.,
JAY PEAK MANAGEMENT, INC.,
JAY PEAK PENTHOUSE SUITES L.P.,
JAY PEAK GP SERVICES, INC.,
JAY PEAK GOLF AND MOUNTAIN SUITES L.P.,
JAY PEAK GP SERVICES GOLF, INC.,
JAY PEAK LODGE AND TOWNHOUSES L.P.,
JAY PEAK GP SERVICES LODGE, INC.,
JAY PEAK HOTEL SUITES STATESIDE L.P.,
JAY PEAK GP SERVICES STATESIDE, INC.,
JAY PEAK BIOMEDICAL RESEARCH PARK L.P.,
AnC BIO VERMONT GP SERVICES, LLC,

           Defendants, and

JAY CONSTRUCTION MANAGEMENT, INC.,
GSI OF DADE COUNTY, INC.,
NORTH EAST CONTRACT SERVICES, INC.,
Q BURKE MOUNTAIN RESORT, LLC,

           Relief Defendants.

_____/

## ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR APPOINTMENT OF RECEIVER

**WHEREAS** Plaintiff Securities and Exchange Commission has filed a motion for the appointment of a Receiver over Defendants Jay Peak, Inc., Q Resorts, Inc., Jay Peak Hotel Suites L.P. ("Suites Phase I"), Jay Peak Hotel Suites Phase II L.P. ("Hotel Phase II"), Jay Peak Management, Inc. ("Jay Peak Management"), Jay Peak Penthouse Suites L.P. ("Penthouse Phase

III"), Jay Peak GP Services, Inc. ("Jay Peak GP Services"), Jay Peak Golf and Mountain Suites L.P. ("Golf and Mountain Phase IV"), Jay Peak GP Services Golf, Inc. ("Jay Peak GP Services Golf), Jay Peak Lodge and Townhouses L.P. ("Lodge and Townhouses Phase V"), Jay Peak GP Services Lodge, Inc. ("Jay Peak GP Services Lodge"), Jay Peak Hotel Suites Stateside, L.P. ("Stateside Phase VI"), Jay Peak GP Services Stateside, Inc. ("Jay Peak GP Services") , Jay Peak Biomedical Research Park L.P. ("Biomedical Phase VII"), and AnC Bio Vermont GP Services, LLC ("AnC Bio Vermont GP Services") (collectively "Corporate Defendants") and Relief Defendants Jay Construction Management, Inc. ("JCM"), GSI of Dade County, Inc. ("GSI"), North East Contract Services, Inc. ("Northeast"), and Q Burke Mountain Resort, LLC ("Q Burke") (collectively, "Relief Defendants") with full and exclusive power, duty and authority to: administer and manage the business affairs, funds, assets, causes in action and any other property of the Corporate Defendants; marshal and safeguard all of their assets; and take whatever actions are necessary for the protection of the investors;

**WHEREAS**, the Commission has made a sufficient and proper showing in support of the relief requested;

**WHEREAS**, the Commission has submitted the credentials of a candidate to be appointed as Receiver of all of the assets, properties, books and records, and other items of the Corporate Defendants and Relief Defendants, including any properties, assets and other items held in their names or their principals' names, and the Commission has advised the Court that this candidate is prepared to assume this responsibility if so ordered by the Court;

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Michael Goldberg is hereby appointed the Receiver over Corporate Defendants and Relief Defendants, their subsidiaries, successors and assigns, and is hereby authorized, empowered, and directed to:

1.      Take immediate possession of all property, assets and estates of every kind of the Corporate Defendants and Relief Defendants, whatsoever and wheresoever located belonging to or in the possession of the Corporate Defendants and Relief Defendants, including but not limited to all offices maintained by the Corporate Defendants and Relief Defendants, rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of the Corporate Defendants and Relief Defendants wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court;

2.      Investigate the manner in which the affairs of the Corporate Defendants and Relief Defendants were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the Corporate Defendants and Relief Defendants and their investors and other creditors, as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations, which the Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated or transferred monies or other proceeds directly or indirectly traceable from investors in the Corporate Defendants and Relief Defendants, including the Corporate Defendants, the other Defendants, and the Relief Defendants, their officers, directors, employees, affiliates, subsidiaries, or any persons acting in concert or participation with them, or against any transfers of money or other proceeds directly or indirectly traceable from investors in the Corporate Defendants and Relief Defendants; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida

Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order;

3. Present to this Court periodic reports (no less than quarterly) reflecting the existence and value of the assets of the Corporate Defendants and Relief Defendants and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Corporate Defendants and Relief Defendants;

4. Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all reasonable expenses of taking possession of the assets and business of the Corporate Defendants and Relief Defendants, and exercising the power granted by this Order, subject to approval by this Court at the time the Receiver accounts to the Court for such expenditures and compensation.  This includes a management company or companies necessary to the continued operation of the Jay Peak and Burke Mountain ski resorts, the Phase I-V projects, and the portion of Phase VI (the Stateside Hotel) that has been fully built, which the Receiver shall continue to operate for the benefit of investors subject to further order of this Court.  The periodic reports shall specify to the Court the vendors and legal counsel appointed by the Receiver;

5. Engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities, including, but not limited to, the United States Marshal's Service or a private security firm;

6. Defend, compromise or settle legal actions, including the instant proceeding, in which the Corporate Defendants, the Relief Defendants or the Receiver are a party, commenced

either prior to or subsequent to this Order.  The Receiver may also waive any attorney-client or other privilege held by the Corporate Defendants and Relief Defendants;

7. Assume control of, and be named as authorized signatory for, all accounts at any bank, brokerage firm or financial institution which has possession, custody or control of any assets or funds, wherever situated, of the Corporate Defendants and Relief Defendants and, upon order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary;

8. Make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, and incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary, and advisable in discharging the Receiver's duties;

9. Have access to and review all mail of the Corporate Defendants and Relief Defendants and the mail of the other Defendants or Relief Defendants (except for mail that appears on its face to be purely personal or attorney-client privileged) received at any office or address of the Corporate Defendants and Relief Defendants.  All mail addressed to the other Defendants or Relief Defendants that is opened by the Receiver and, upon inspection, is determined by the Receiver to be personal or attorney-client privileged, shall be promptly delivered to the addressee and the Receiver shall not retain any copy.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, in connection with the appointment of the Receiver provided for above:

10. The Corporate Defendants and Relief Defendants and all of their directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of the

Corporate Defendants shall deliver forthwith upon demand such property, monies, books and records to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of the Corporate Defendants;

11. All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of, the Corporate Defendants and Relief Defendants shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

12. Unless authorized by the Receiver, the Corporate Defendants and Relief Defendants and their principals shall take no action, nor purport to take any action, in the name of or on behalf of the Corporate Defendants and Relief Defendants;

13. The Receiver further is authorized to take depositions, subpoena records, and other discovery. The Corporate Defendants and Relief Defendants and their principals, and respective officers, agents, employees, attorneys, and attorneys-in-fact shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of the Receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

14. The Receiver, and any counsel whom the Receiver may select, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by the Corporate Defendants and Relief Defendants; said amount or amounts of

compensation shall be commensurate with their duties and obligations under the circumstances, subject to approval of the Court. The Receiver and his counsel shall file with the Court no less than quarterly an application for reasonable compensation and provide to the Commission and the Court a copy of the Commission's Standard Fund Accounting Report.

15. During the period of this receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of the Corporate Defendants and Relief Defendants;

16. The Receiver is fully authorized to proceed with any filing the Receiver may deem appropriate under the Bankruptcy Code as to the Corporate Defendants and Relief Defendants;

17. Title to all property, real or personal, all contracts, rights of action and all books and records of the Corporate Defendants and Relief Defendants and their principals, wherever located within or without this state, is vested by operation of law in the Receiver;

18. Upon request by the Receiver, any company providing telephone services to the Corporate Defendants and Relief Defendants shall provide a reference of calls from any number presently assigned to the Corporate Defendants and Relief Defendants to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership;

19. Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Corporate Defendants and Relief Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver;

20. The United States Postal Service is directed to provide any information requested by the Receiver regarding the Corporate Defendants and Relief Defendants, and to handle future deliveries of the mail of the Corporate Defendants and Relief Defendants as directed by the Receiver;

21. No bank, savings and loan association, other financial institution, or any other person or entity shall exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets of the Corporate Defendants and Relief Defendants to the Receiver's control without the permission of this Court;

22. No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence or greater, the Receiver shall not be liable for any loss or damage incurred by the Corporate Defendants and Relief Defendants or by the Receiver's officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of the Receiver's duties and responsibilities;

23. Service of this Order shall be sufficient if made upon the Corporate Defendants and Relief Defendants and their principals by personal service, facsimile or overnight courier;

24. In the event that the Receiver discovers that investor funds received by the Corporate Defendants and Relief Defendants have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds

and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds; and

    25.    This Court shall retain jurisdiction of this matter for all purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of April, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE