UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-cv-21301-DPG

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ARIEL QUIROS,
WILLIAM STENGER,
JAY PEAK, INC.,
Q RESORTS, INC.,
JAY PEAK HOTEL SUITES L.P.,
JAY PEAK HOTEL SUITES PHASE II L.P.,
JAY PEAK MANAGEMENT, INC.,
JAY PEAK PENTHOUSE SUITES L.P.,
JAY PEAK GP SERVICES, INC.,
JAY PEAK GOLF AND MOUNTAIN SUITES L.P.,
JAY PEAK GP SERVICES GOLF, INC.,
JAY PEAK LODGE AND TOWNHOUSES L.P.,
JAY PEAK GP SERVICES LODGE, INC.,
JAY PEAK HOTEL SUITES STATESIDE L.P.,
JAY PEAK GP SERVICES STATESIDE, INC.,
JAY PEAK BIOMEDICAL RESEARCH PARK L.P.,
AnC BIO VERMONT GP SERVICES, LLC,

    Defendants, and

JAY CONSTRUCTION MANAGEMENT, INC.,
GSI OF DADE COUNTY, INC.,
NORTH EAST CONTRACT SERVICES, INC.,
Q BURKE MOUNTAIN RESORT, LLC,

    Relief Defendants.
_____/

## ORDER

THIS CAUSE came before the Court on Defendant Ariel Quiros' Emergency Motion to Lift or Modify Asset Freeze [ECF No. 39] and Defendant Ariel Quiros' Motion for Order Permitting Payment of Attorney's Fees and Costs and Supporting Memorandum of Law [ECF

1

No. 109]. The Court has reviewed the Motions, and the record, heard argument of counsel, and is otherwise fully advised in the premises.

On April 12, 2016, the Court entered a Temporary Restraining Order and Asset Freeze which, in part, froze Defendant Quiros's ("Quiros") Assets [ECF No. 11]. At the same time, the Court appointed a Receiver to administer and manage the business affairs, funds, assets, causes of action and any other property of the Corporate Defendants [ECF No. 13]. On April 28, 2016, the Court modified the Asset Freeze, in part, unfreezing $41,308.69 from Quiros's Merrill Lynch Accounts. The Court reserved ruling on the remainder of the request to modify the freeze.

Quiros seeks a modification of the asset freeze to allow him to pay his living expenses and his attorney's and other professionals' fees. In support, he filed his declaration stating that his monthly expenses total approximately $90,000 per month. Quiros also requests that the Court release (a) $204,852 to pay Mitchell Silberber & Knupp LLP's legal fees, (b) $50,000 to pay the retainer of an accounting expert, (c) $25,000 to retain Gray Robinson as substitute Florida counsel, and (d) a sum sufficient to retain Vermont counsel.[1] At the May 10, 2016, hearing, Quiros's counsel suggested that the Court permit Quiros to sell or otherwise encumber his Setai Condominum in New York, to provide funds for his living expenses and attorney's fees.

The Court has both the authority to implement an asset freeze and "to release frozen personal assets, or lower the amount frozen." *S.E.C. v. Duclaud Gonzalez De Castilla,* 170 F. Supp. 2d 427, 429 (S.D.N.Y. 2001) (*citing S.E.C. v. Unifund SAL*, 917 F.2d 98 (2d Cir. 1990), *S.E.C. v. Am. Bd. of Trade, Inc.*, 830 F.2d 431, 438 (2d Cir. 1987), and *S.E.C. v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082 (2d Cir. 1972)); *see S.E.C. v. Lauer*, No. 03-cv-80612-KAM, ECF No.

---

[1] Quiros's prior Florida counsel, Berger Singerman, has also moved for the Court to release funds to pay its $96,930.47 in attorney's fees and costs [ECF No. 118].

108 (S.D. Fla. Dec. 2, 2003), *S.E.C. v. Dowdell*, 175 F. Supp. 2d 850, 853 (W.D. Va. 2001)).  In freezing a defendant's assets, the Court must "weigh 'the disadvantages and possible deleterious effect of a freeze . . . against the considerations indicating the need for such relief.'"  *Dowdell*, 175 F. Supp. 2d at 854 (*quoting Manor Nursing Ctrs*., 458 F.2d at 1105).  The Court balances the ability to provide restitution to the victims with the defendants' ability to defend themselves prior to a finding of liability.  *See F.T.C. v. 4 Star Resolution, LLC*, No. 15-CR-1125, 2015 WL 4276273 at *1 (W.D.N.Y. July 14, 2015) ("[I]t cannot be ignored that 'this suit was brought to establish [D]efendants' wrongdoing; the [C]ourt cannot assume the wrongdoing before judgment in order to remove the [D]efendants' ability to defend themselves.'") (*quoting Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 565 (5th Cir. 1987)).

The Court finds that Quiros's request for nearly $90,000 in living expenses is unreasonable, and, with respect to some of the expenses, not supported by sufficient evidence.  However, the Court does find that Quiros should be able to pay reasonable living expenses and to retain and pay counsel.  The Setai Condominium, if sold or mortgaged, would be a source of such funds.

The SEC asserts that Quiros obtained the Setai Condominium with tainted funds from Phase IV investors.  In addition, the SEC asserts that even if those funds are not tainted, the Court should freeze all of Quiros's assets up to the total amount of potential disgorgement and prejudgment interest.  At this time, many of the facts are in dispute, including whether the Phase IV investor funds can be traced to the Setai Condominium and the amount of potential disgorgement should the SEC prevail.  As a result, the Court shall permit Quiros to sell or mortgage the Setai Condominium, but shall put safeguards in place such that Quiros will not

have unfettered access to the proceeds of the sale. This will help ensure that investors' funds are protected.

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant Ariel Quiros' Emergency Motion to Lift or Modify Asset Freeze [ECF No. 39] is **GRANTED** in part and Defendant Ariel Quiros' Motion for Order Permitting Payment of Attorney's Fees and Costs and Supporting Memorandum of Law is **GRANTED** in part [ECF No. 109]. It is further

**ORDERED AND ADJUDGED** that:

1. Quiros may sell or mortgage the Setai Condominium located at 400 5th Avenue #39FGH, New York, NY 10018-5947;

2. In the event of a sale, Quiros shall satisfy all encumberances upon that property (including mortgages and tax liens) out of the proceeds of that sale;

3. Quiros may sell any or all of the furniture and household goods contained within the condominium;

4. The proceeds of these sales (other than those used to satisfy the encumbrances on the properties) shall immediately be deposited into an escrow account to be established and controlled by Receiver, Michael Goldberg Esq.;

5. Upon receipt of the funds, the Receiver shall pay Quiros's reasonable attorney's fees in amounts approved by the Court; and

6. Beginning with the month funds are deposited into the escrow account, the Receiver shall pay Quiros fifteen thousand dollars ($15,000) per month to be used by Quiros for living and other expenses.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of May, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE