UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-21301-GAYLES

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARIEL QUIROS,
WILLIAM STENGER,
JAY PEAK, INC.,
Q RESORTS, INC.,
JAY PEAK HOTEL SUITES L.P.,
JAY PEAK HOTEL SUITES PHASE II. L.P.,
JAY PEAK MANAGEMENT, INC.,
JAY PEAK PENTHOUSE SUITES, L.P.,
JAY PEAK GP SERVICES, INC.,
JAY PEAK GOLF AND MOUNTAIN SUITES L.P.,
JAY PEAK GP SERVICES GOLF, INC.,
JAY PEAK LODGE AND TOWNHOUSES L.P.,
JAY PEAK GP SERVICES LODGE, INC.,
JAY PEAK HOTEL SUITES STATESIDE L.P.,
JAY PEAK GP SERVICES STATESIDE, INC.,
JAY PEAK BIOMEDICAL RESEARCH PARK L.P.,
AnC BIO VERMONT GP SERVICES, LLC,

Defendants,

JAY CONSTRUCTION MANAGEMENT, INC.,
GSI OF DADE COUNTY, INC.,
NORTH EAST CONTRACT SERVICES, INC.,
Q BURKE MOUNTAIN RESORT, LLC,

Relief Defendants, and

Q BURKE MOUNTAIN RESORT, HOTEL AND
    CONFERENCE CENTER, L.P.,
Q BURKE MOUNTAIN RESORT GP SERVICES, LLC

Additional Defendants
_____/

**ORDER (I) APPROVING SETTLEMENT BETWEEN RECEIVER AND CITIBANK,
N.A.; (II) BARRING, RESTRAINING, AND ENJOINING CLAIMS AGAINST
CITIBANK, N.A.; AND (III) MODIFYING ASSET FREEZE ORDER ACCORDINGLY**

**THIS MATTER** came before the Court upon the Motion for (I) Approval of Settlement between Receiver and Citibank, N.A.; (II) Entry of a Bar Order; and (III) Approval of Form, Content and Manner of Notice of Settlement and Bar Order [ECF No. 205] (the "Motion") filed by Michael I. Goldberg, as the Court-appointed receiver (the "Receiver") of the entities set forth in Exhibit A to this Order (the "Receivership Entities") in the above-captioned civil enforcement action (the "SEC Action") pursuant to the Order (I) Preliminarily Approving the Settlement between Receiver and Citibank N.A.; (II) Approving Form and Content of Notice, and Manner and Method of Service and Publication; (III) Setting Deadline to Object to Approval of Settlement and Entry of Bar Order; and (IV) Scheduling a Hearing [ECF No. 207] (the "Procedures Order").

By way of the Motion, the Receiver requests approval of the proposed settlement with Citibank, N.A. ("Citibank") set forth in the Settlement Agreement and Release dated August 25, 2016 (the "Settlement Agreement")[1] attached as Ex. A to the Motion, executed by the Receiver on behalf of each of the Receivership Entities and by Citibank (collectively with the Receiver and the Receivership Entities, the "Settling Parties"); approval of the form and substance of the notice of settlement and bar order (the "Notice") attached as Ex. D to the Settlement Agreement, and of the manner and method of service and publication of the Notice; and entry of a bar order enjoining any and all persons from commencing or continuing litigation or other pursuit of any and all claims against any Citibank Released Party that relate in any manner whatsoever to the SEC Action or the Receivership Entities (the "Bar Order").

The Court's Procedures Order preliminarily approved the Settlement Agreement, approved the form and content of the Notice, and set forth procedures for the manner and method

---

[1] Terms used but not defined in this Order have the meaning ascribed to them in the Settlement Agreement.

of service and publication of the Notice to affected parties. The Procedures Order also set forth a deadline for affected parties to object to the Settlement Agreement or the Bar Order, and scheduled the Hearing for consideration of such objections and the Settling Parties argument and evidence in support of the Settlement Agreement and Bar Order.

The Receiver filed a Declaration with the Court in which he detailed his compliance with the notice and publication requirements contained in the Procedures Order [ECF No. 223]. The Court ultimately received two objections to the settlement. One objection was filed by a group of eight investors denominated as "State Court Plaintiffs" [ECF No. 221]. That objection was thereafter withdrawn [ECF No. 226]. The second objection was filed by a group of 36 investors denominated as the "Group 7 Ad Hoc Committee" [ECF No. 222]. That objection was a "limited objection" in which the "Group 7 Ad Hoc Committee" acknowledged that they did not "object to the settlement itself" but, instead, objected only to the way in which the settlement proceeds would be used and to the bar order with respect to the Phase VII Investors. That objection has since been resolved by the inclusion of certain additional language herein requiring, among other things, that the Settlement Amount be segregated, accounted for, and reported by the Receiver in his quarterly reports.

Accordingly, having read and considered the Motion, the Settlement Agreement and other relevant filings of record, the Court **FINDS AND DETERMINES** as follows:

A. The Court has jurisdiction over the subject matter, including, without limitation, jurisdiction to consider the Motion, the Settlement Agreement and the Bar Order, and authority to grant the Motion, approve the Settlement Agreement and enter the Bar Order. *See* 28 U.S.C. § 1651; *SEC v. Kaleta*, 530 Fed. Appx. 360 (5th Cir. 2013) (affirming approval of settlement and entry of bar order in equity receivership commenced in a civil enforcement action). *See also*

*Matter of Munford, Inc.*, 97 F.3d 449 (11th Cir. 1996) (approving settlement and bar order in a bankruptcy case); *In re U.S. Oil and Gas Lit.*, 967 F.2d 480 (11th Cir. 1992) (approving settlement and bar order in a class action).

  B. The service or publication of the Notice in the manner set forth in the Court's Procedures Order constitutes good and sufficient notice and is reasonably calculated under the circumstances to notify all affected parties of the Motion, the Settlement Agreement and the Bar Order, and of their opportunity to object thereto and attend a hearing concerning these matters; the Notice was in fact served or published in the manner required by the Procedures Order; all affected parties were accordingly furnished a full and fair opportunity to object to the Motion, the Settlement Agreement, the Bar Order and all matters related thereto and to be heard at a hearing; and therefore the service and publication of the Notice complied with all requirements of applicable law, including, without limitation, the Federal Rules of Civil Procedure, the Court's local rules, and the United States Constitution.

  C. The Settlement Agreement was entered into in good faith, is at arm's length, and is not collusive. The claims the Receiver contends he could have brought against Citibank involve disputed facts that would require substantial time and expense to litigate, with significant uncertainty as to the outcome of such litigation and any ensuing appeal. The Receiver has a present and immediate need for the funds he is receiving pursuant to the settlement so as to preserve and maximize the value of the assets in the Receivership Entities for the benefit of their investors and other creditors and stakeholders. The Settling Parties negotiated over a period of several months; their negotiations included the exchange of documents, multiple in-person meetings and many telephone conferences. The Settlement Agreement provides for Citibank to pay the Receiver the Settlement Amount – a recovery for the Receivership Entities of, in

absolute terms, Thirteen Million Three Hundred Thousand Dollars ($13,300,000.00) – representing approximately 78% of the Funds in the Collateral Accounts.

D.   Based upon the foregoing findings, the Court further finds and determines that entry into the Settlement Agreement is a prudent exercise of business judgment by the Receiver, that the proposed settlement as set forth in the Settlement Agreement is fair, adequate and reasonable, and that the Settlement Amount provides a recovery to the Receiver for the benefit of the Receivership Entities that is well within the range of reasonableness.

E.   Citibank has conditioned any settlement with the Receiver on a full and final resolution with respect to all claims that could be asserted in the SEC Action or relating in any way to the underlying law or facts giving rise to the SEC Action.  A necessary condition to Citibank's ultimate agreement to the Settlement Agreement was the inclusion of the Bar Order. Pursuant to the terms of the Settlement Agreement, entry of the Bar Order is necessary for the Receiver to receive on the Effective Date the unpaid majority of the Settlement Amount consisting of Ten Million Eight Hundred Thousand Dollars ($10,800,000.00).

F.   The Bar Order and the releases in the Settlement Agreement are tailored to matters relating to the SEC Action, and are appropriate to maximize the value of the Receivership Entities for the benefit of the investors and other stakeholders.  The Receiver will establish a claims process through which investors and other interested parties may file claims against the Receivership Entities so as to benefit from the Settlement Amount.  The interests of persons affected by the Bar Order and the releases in the Settlement Agreement were well represented by the Receiver, acting in the best interests of the Receivership Entities in his fiduciary capacity and upon the advice and guidance of his experienced counsel.

G.     Accordingly, the Settlement Agreement is fair, adequate and reasonable, and in the best interests of all creditors of, investors in, or other persons or entities claiming an interest in, having authority over, or asserting claims against the Receivership Entities, and of all persons who could have claims against Citibank relating to the SEC Action.  The Bar Order is a necessary and appropriate order granting ancillary relief in the SEC Action.

H.     Approval of the Settlement Agreement and the Bar Order and adjudication of the Motion are discrete from other matters in the SEC Action, and, as set forth above, the Settling Parties have shown good reason for the approval of the Settlement Agreement and Bar Order to proceed expeditiously.  Therefore, there is no just reason for delay of the finality of this Order.

Based on the foregoing findings and conclusions, the Court **ORDERS, ADJUDGES, AND DECREES** as follows:

1.     The Motion is **GRANTED** in its entirety.  Any objections to the Motion or the entry of this Order are overruled to the extent not otherwise withdrawn or resolved.

2.     The Settlement Agreement is **APPROVED**, and is final and binding upon the Settling Parties and their successors and assigns as provided in the Settlement Agreement.  *See Sterling v. Stewart*, 158 F.3d 1199 (11th Cir. 1996) (settlement in a receivership may be approved where it is fair, adequate and reasonable, and is not the product of collusion between the settling parties).  The Settling Parties are authorized to perform their obligations under the Settlement Agreement.

3.     The Collateral Accounts are property of one of more of the Receivership Entities.  Citibank is **DIRECTED** to pay the Settlement Amount from the Collateral Accounts in accordance with the terms and conditions of the Settlement Agreement.  Without limitation of the foregoing, upon the occurrence of the Effective Date and the payment of the Settlement

Amount, the releases set forth in Section 5 of the Settlement Agreement are **APPROVED**, and are final and binding on the Parties and their successors and assigns as provided in the Settlement Agreement.

4. The Bar Order as set forth in paragraph 5 of this Order is **APPROVED** as a necessary and appropriate component of the settlement. *See Kaleta*, 530 Fed. Appx. at 362 (entering bar order and injunction in an SEC receivership proceeding where necessary and appropriate as "ancillary relief" to that proceeding). *See also In re Seaside Eng'g & Surveying, Inc.*, 780 F.3d 1010 (11th Cir. 2015) (approving bar orders in bankruptcy matters); *Bendall v. Lancer Management Group, LLC*, 523 Fed. Appx. 554 (11th Cir. 2013) (the Eleventh Circuit "will apply cases from the analogous context of bankruptcy law, where instructive, due to limited case law in the receivership context").

5. Subject to paragraph 6 of this Order, any person or entity, including, without limitation, investors and creditors of the Receivership Entities, or any person or entity claiming by or through such persons and/or the Receivership Entities, all and individually, from directly, indirectly, or through a third party, is hereby **PERMANENTLY BARRED, RESTRAINED AND ENJOINED** from instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, otherwise prosecuting, or otherwise pursuing or litigating in any manner any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including, but not limited to, litigation, arbitration, or other proceeding, in any forum, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, against any or all of the Citibank Released Parties, or from (in each case, whether pre-judgment or post-judgment) enforcing, levying, employing legal process, attaching,

garnishing, sequestering, bringing proceedings supplementary to execution, collecting or otherwise recovering, by any means or in any manner, based upon any liability or responsibility, or asserted or potential liability or responsibility, directly or indirectly, of the Citibank Released Parties, that in any way relates to, is based upon, arises from, or is connected with the Collateral Accounts, the Funds, the SEC Action, or the Receivership Entities, including the parties, allegations, or issues involved in the SEC Action.

6. Paragraph 5 of this Order shall not apply (i) to the United States of America, its agencies or departments, or to any state or local government; (ii) to the Settling Parties' respective obligations under the Settlement Agreement; or (iii) in the event Citibank fails to pay the Settlement Amount in accordance with the terms of the Settlement Agreement.

7. Upon the occurrence of the Effective Date, and payment of the Settlement Amount, (i) the Receiver relinquishes any interest in and to the balance remaining in the Collateral Accounts; and (ii) the Court **MODIFIES** its Freeze Order, and any Order of the Court granting preliminary or permanent relief regarding the same subject matter, so as to lift the asset freeze imposed on the Collateral Accounts.

8. Nothing in this Order or the Settlement Agreement, and no aspect of the Settling Parties' settlement or negotiations thereof, is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the Settling Parties with regard to the SEC Action, any proceeding therein, or any other case or proceeding.

9. No Citibank Released Party shall have any duty or liability with respect to the administration of, management of or other performance by the Receiver of his duties relating to the Receivership Entities, including, without limitation, the process to be established by the

Receiver for filing, adjudicating and paying claims against the Receivership Entities or the allocation, disbursement or other use of the Settlement Amount.  Other than by direct appeal of this Order, or motion for reconsideration or rehearing thereof, made in accordance with the Federal Rules of Civil Procedure, no appeal, challenge, decision or other matter concerning any subject set forth in this paragraph shall operate to terminate or cancel the Settlement Agreement, or to impair, modify or otherwise affect in any manner the Bar Order.

10. Nothing in this Order or the Settlement Agreement, nor the performance of the Settling Parties' obligations thereunder, shall in any way impair, limit, modify or otherwise affect the rights of Citibank or the Receiver against any party not released in the Settlement Agreement.

11. The Receiver shall segregate and maintain the remaining portion of the Settlement Amount to be paid by Citibank (i.e., $10,800,000.00) in a separate bank account.

12. The Receiver shall provide an accounting which identifies use of the Settlement Amount (including all amounts paid to the Receiver prior to the date of this Order), and specifying the project to which the expenditure is related (if such a separation is possible), as part of the Receiver's reports to be filed no less frequently than each quarter.

13. To the extent that funds from investors in the Jay Peak Biomedical Research Park L.P. can be traced to the Collateral Accounts, and the Court determines that such investors have a superior claim to the Settlement Amount equal to such amount, then such investors shall maintain that superior claim to the Settlement Amount notwithstanding the Receiver's use of the funds.

14. To the extent the Court orders that distributions to investors be separated by assets owned by a particular partnership, and the Receiver uses the Settlement Amount for purposes

that do not directly benefit the assets to be distributed to the investors in the Jay Peak Biomedical Research Park L.P., the Receiver shall perform a "true up" pursuant to a formula to be agreed upon by the Jay Peak Biomedical Research Park investors and the Receiver to enable such investors to receive their pro-rata share of the amount utilized from the Settlement Amount (including all amounts paid to the Receiver prior to the date of this Order) for assets owned by other partnerships.

15. Pursuant to Fed.R.Civ.P. 54(b), and the Court's authority in this equity receivership to issue ancillary relief, this Order is a final order for all purposes, including, without limitation, for purposes of the time to appeal or to seek rehearing or reconsideration.

16. This Order shall be served by counsel for the Receiver via email, first class mail or international delivery service, on any person or entity afforded notice (other than publication notice) pursuant to the Procedures Order.

17. Without impairing or affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction to construe, interpret and enforce this Order, including, without limitation, the injunctions, bar orders and releases herein or in the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of October, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

# Exhibit A

### (List of Receivership Entities)

Jay Peak, Inc.

Q Resorts, Inc.

Jay Peak Hotel Suites L.P.

Jay Peak Hotel Suites Phase II L.P.

Jay Peak Management, Inc.

Jay Peak Penthouse Suites L.P.

Jay Peak GP Services, Inc.

Jay Peak Golf and Mountain Suites L.P.

Jay Peak GP Services Golf, Inc.

Jay Peak Lodge and Townhouses L.P.

Jay Peak GP Services Lodge, Inc.

Jay Peak Hotel Suites Stateside L.P.

Jay Peak GP Services Stateside, Inc.

Jay Peak Biomedical Research Park L.P.

AnC Bio Vermont GP Services, LLC

Q Burke Mountain Resort, Hotel and Conference Center, L.P.

Q Burke Mountain Resort GP Services, LLC

Jay Construction Management, Inc.

GSI of Dade County, Inc.

North East Contract Services, Inc.

Q Burke Mountain Resort, LLC