UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-21301-GAYLES

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ARIEL QUIROS,
WILLIAM STENGER,
JAY PEAK, INC.,
Q RESORTS, INC.,
JAY PEAK HOTEL SUITES L.P.,
JAY PEAK HOTEL SUITES PHASE II. L.P.,
JAY PEAK MANAGEMENT, INC.,
JAY PEAK PENTHOUSE SUITES, L.P.,
JAY PEAK GP SERVICES, INC.,
JAY PEAK GOLF AND MOUNTAIN SUITES L.P.,
JAY PEAK GP SERVICES GOLF, INC.,
JAY PEAK LODGE AND TOWNHOUSES L.P.,
JAY PEAK GP SERVICES LODGE, INC.,
JAY PEAK HOTEL SUITES STATESIDE L.P.,
JAY PEAK GP SERVICES STATESIDE, INC.,
JAY PEAK BIOMEDICAL RESEARCH PARK L.P.,
AnC BIO VERMONT GP SERVICES, LLC,

    Defendants, and

JAY CONSTRUCTION MANAGEMENT, INC.,
GSI OF DADE COUNTY, INC.,
NORTH EAST CONTRACT SERVICES, INC.,
Q BURKE MOUNTAIN RESORT, LLC,

    Relief Defendants.
_____/

## **ORDER**

    **THIS MATTER** is before the Court on Defendant Ariel Quiros's Motion to Dismiss the Amended Complaint [ECF No. 171]. The Court has reviewed the Motion and the record and is otherwise fully advised.

- 2 -

On May 17, 2016, the SEC filed an Amended Complaint against Defendants Quiros; William Stenger ("Stenger"); Jay Peak, Inc. ("JPI"); Q Resorts, Inc. ("Q Resorts"); Jay Peak Hotel Suites, L.P.; Jay Peak Hotel Suites Phase II, L.P.; Jay Peak Management, Inc.; Jay Peak Penthouse Suites, L.P.; Jay Peak GP Services, Inc.; Jay Peak Golf and Mountain Suites, L.P.; Jay Peak GP Services Golf, Inc.; Jay Peak Lodge and Townhouses, L.P.; Jay Peak GP Services, Lodge, Inc.; Jay Peak Hotel Suites Stateside, Inc.; Jay Peak GP Services, Stateside, Inc.; Jay Peak Biomedical Research Park, L.P.; and AnC Bio Vermont GP Services, LLC, (collectively the "Defendants") and Relief Defendants Jay Construction Management, Inc. ("JCM"); GSI of Dade County, Inc. ("GSI"); North East Contract Services, Inc. ("NECS"); and Q Burke Mountain Resort, LLC ("Q Burke") alleging the Defendants violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Exchange Act of 1934, 15 U.S.C. § 78j(b); and SEC Rule 10b-5, 17 C.F.R § 240.10b-5. The SEC also set forth claims against Quiros for aiding and abetting the other Defendants' violations of Section 10(b) and Rule 10b-5 and for control person liability pursuant to Section 20(a) of the Exchange Act.  On June 24, 2016, Quiros moved to dismiss the Amended Complaint, arguing that (1) the SEC failed to adequately plead its claims; (2) many of the claims are time-barred; and (3) the request for injunctive relief is an improper request for an obey-the-law injunction.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant –unlawfully-harmed-me accusations." *Id*. (alteration added)(quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added)(citing *Twombly*, 550 U.S. at 556). Securities fraud claims are subject to Fed.R.Civ.P. 9(b)'s heightened pleading requirements, which require a complaint "to state with particularity the circumstances constituting the fraud." Fed.R.Civ.P. 9(b). S*ee also Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

The Court finds that the SEC has sufficiently pled its claims. In addition, as discussed in detail in the Court's Preliminary Injunction Order [ECF No. 238], it is premature to address whether the SEC's claims are time-barred. Finally, the Court declines, at this time, to strike the SEC's requested injunctive relief as an obey-the-law injunction. The Court may, should the SEC prevail, modify any requested relief. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant Ariel Quiros's Motion to Dismiss the Amended Complaint [ECF No. 171] is **DENIED**. Quiros shall answer the Amended Complaint within fifteen (15) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 21st day of November, 2016.

HONORABLE DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE