UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-21301-GAYLES

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ARIEL QUIROS, *et al.*,

    Defendants, and

JAY CONSTRUCTION MANAGEMENT, INC., *et al.*,

    Relief Defendants.

_____/

**LEÓN COSGROVE, LLC AND MITCHELL, SILBERBERG & KNUPP'S EXPEDITED MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF ADDRESSING USE OF INSURANCE PROCEEDS AT THE APRIL 12, 2017 HEARING[1]**

Non-parties Leon Cosgrove, LLC ("Leon Cosgrove") and Mitchell, Silberberg & Knupp, LLP ("MSK"), who each are former counsel to Defendant Ariel Quiros, hereby move to intervene under Rule 24 of the Federal Rules of Civil Procedure for a narrow and specific purpose: to be heard at the April 12, 2017 hearing ("Hearing") regarding clarification or modification of the Court's Order Granting Plaintiff Securities and Exchange Commission's Motion for Temporary Restraining Order, Asset Freeze, and Other Emergency Relief ("Asset Freeze Order") [DE 11] to confirm that the advancement of defense costs under a Directors and Officers ("D&O") insurance policy is not subject to the Asset Freeze Order.

---

[1] Due to the exigent circumstances of this Motion, Leon Cosgrove and MSK are separately filing a Motion for Expedited Briefing Schedule and Hearing.

## I.  INTRODUCTION

Leon Cosgrove and MSK have worked for months without being paid for their work, incurring almost $3 million in total fees and costs owed, with only $80,000 paid.  To date, this has resulted in significant losses for both firms.

Despite explicitly promising that he would support efforts by moving counsel to use insurance for his defense, Quiros abruptly terminated Leon Cosgrove and MSK as his lawyers just days before the Hearing on Quiros's motion to use insurance proceeds [DE 288].  Without seeking the input of Cosgrove or MSK, Quiros's new counsel then unilaterally moved the Hearing.

Worse still, new counsel has apparently secured an agreement with the Receiver and the SEC to agree that insurance proceeds – proceeds secured by Leon Cosgrove for which it has not been paid – can be used to pay Quiros' new counsel.  In other words, new counsel has used Leon Cosgrove's work in

The Court's ruling on these important matters could, as a practical matter, impair or impede Leon Cosgrove and MSK's ability to protect their respective interests, if the firms are not heard.  Leon Cosgrove and MSK therefore move the Court to intervene to be heard at the Hearing, so that they can make arguments on their own behalf.  Scott Cosgrove would speak on behalf of both firms.

## II.  THE UNDERLYING MERITS OF THE ARGUMENT ARE UNALTERED

It should be noted that Leon Cosgrove and MSK do not believe the underlying issue to be raised at the Hearing is changed by Quiros's decision to replace his counsel:

- First, the plain language of the Court's Asset Freeze Order *still* does not encompass defense costs advanced under any insurance policy.

- Second, the purpose of an asset freeze *still* is not to deprive a defendant of counsel or hand the Government an easy win; it is to preserve assets for a potential disgorgement award. That purpose is not advanced by preventing Quiros from using insurance, because, <u>even if the Receiver or SEC were entirely successful in their claims against Quiros, the Policy *still* will pay no money to indemnify claims for a disgorgement award or recovery by allegedly defrauded investors</u>.

- Third, the Receiver *still* has no property interest in the insurance proceeds. Courts have repeatedly rejected similar efforts by receivers to impede the payment of defense costs from an insurance policy.

- Fourth, Cosgrove and MSK have provided legal services to Quiros in reliance on the Interim Funding Agreement signed by the carrier, and are owed millions of dollars in fees that they expected would be mitigated, if only in part, by the amounts agreed to in the IFA.  It would be unfair and unreasonable at this point, after Cosgrove and MSK have performed significant legal services which have benefited Quiros, to prevent them from being paid under an agreement they helped negotiate and obtain, and which they relied on to their detriment.

Each of these arguments are logically unaltered by who is representing Quiros – the facts and law support the conclusion that the proceeds from insurance are a funding source that is not subject to the asset freeze.

Importantly, the Hearing does not call for the Court to determine the reasonableness of the fees charged.  Rather, that is a matter of private contract between the insurer, insured, and counsel; the insurer in this case is currently more than capable of safeguarding its funds, having sued Quiros, saying that coverage is not available *at all* under the policy in question.

Moreover, it should be noted that it would be absurd for anyone to argue that fees charged by Leon Cosgrove and MSK are excessive – even if the insurer were not in a position to evaluate such matters – since Leon Cosgrove and MSK have been paid merely **2%** of their billings, which were already discounted from full rates.  The *out of pocket costs alone* on this matter are a significant portion of the amount that the firms have been paid.

Even worse, Quiros has sought to terminate Leon Cosgrove's representation of him in an insurance coverage matter, which Leon Cosgrove took on contingency (at a crucial time in the case, when Quiros had no money for his defense) and for which Leon Cosgrove has been paid *nothing*.

### III.     LEON COSGROVE AND MSK ARE LIKELY TO SUFFER PERMANENT PREJUDICE IF INTERVENTION IS NOT GRANTED

The law allows Leon Cosgrove and MSK to intervene as of right.  "To succeed as an intervenor of right, a party must show, in addition to timeliness, that it has 'an interest' relating to the property or transaction in the litigation; that the disposition of the action may impair or impede, as a practical matter, its ability to protect that interest; and that the intervenor's interest is inadequately represented by existing parties to the suit.  Failure to satisfy any of these standards precludes intervention of right.  Nevertheless, the inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application . . . and intervention of right must be measured by a practical rather than technical yardstick." *City of Houston v. Am. Traffic Solutions, Inc.*, 668 F. 3d 291, 293 (5th Cir. 2012) (citations and alterations omitted).  Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion." *United States v. Georgia*, 19 F. 3d 1388, 1393 (11th Cir. 1994); *United States v. S. Fla. Water Mgmt. Dist.*, 922 F. 2d 704, 707 (11th Cir.

1991) ("To support intervention, a nonparty's interest must be direct, substantial, and legally protectable.  A nonparty may have a sufficient interest for some issues in a case but not others, and the court may limit intervention accordingly."  (citations and quotation marks omitted).)

In this case, Leon Cosgrove and MSK have worked for months and incurred almost $3 million in unpaid fees and costs.  They were expressly promised by Quiros that they would be paid and insurance and other assets would be used, to the extent available.  In reliance on these assurances, Leon Cosgrove and MSK used their skill, creativity, and tenacity to advocate ethically and effectively for Quiros in multiple challenging, factually intensive matters.  Quiros's new counsel should not be able to usurp the efforts of Leon Cosgrove and MSK and to take insurance proceeds for themselves.

Similarly, Quiros should not be able to attempt to increase the amount of attorney representation he can get by strategically terminating counsel, presumably just as the Court is about to allow counsel to be paid from a wasting insurance policy.  (It should be noted that the insurer would likely prevent this strategy from being availing, anyway.)

In the time since the substitution, Quiros's new counsel, despite praising the work they have seen, has provided no assurances that they would advocate for the payment of Leon Cosgrove's and MSK's fees.  Current counsel may wish to free-ride on the efforts of Leon Cosgrove and MSK and block payment.  Moreover, it is unclear from correspondence on the subject, if Quiros's new counsel sufficiently understand the factual or legal issues to effectively argue to allow the use of insurance by defense counsel.

Accordingly, it is necessary for Leon Cosgrove and MSK to intervene to be heard on this matter.  The financial interests of Leon Cosgrove and MSK and the lawyers who have spent time on this matter will not be protected if intervention is denied.

## IV. CONCLUSION

For the foregoing reasons, Leon Cosgrove and MSK respectfully request that the Court allow Leon Cosgrove and MSK to intervene to be heard at the April 12, 2017 hearing.

Dated:  March 31, 2017                               Respectfully submitted,

By: *s/ Scott B. Cosgrove*
    Scott B. Cosgrove
     Florida Bar No. 161365
    James R. Bryan
     Florida Bar No. 696862
    **León Cosgrove, LLC**
    255 Alhambra Circle, Suite 800
    Coral Gables, Florida 33133
    Telephone: (305) 740-1975
    Facsimile:  (305) 437-8158
    Email:  scosgrove@leoncosgrove.com
    Email:  jbryan@leoncosgrove.com
    Email:  anoonan@leoncosgrove.com

    David B. Gordon *(pro hac vice)*
    12 East 49th Street
    30th Floor
    New York, NY 10017
    Telephone:  (212) 509-3900
    Facsimile:  (212) 509-7239
    Email:  dbg@msk.com

    John S. Durrant *(pro hac vice)*
    11377 W. Olympic Blvd.
    Los Angeles, CA 90064
    Telephone: (310) 312-3187
    Facsimile:  (310) 312-3100
    Email:  jsd@msk.com

    *Former Counsel for Defendant Ariel Quiros*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this on March 31, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing documents are being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in the manner stated in the service list attached.

*s/ Scott B. Cosgrove*
Scott B. Cosgrove

# SERVICE LIST
## US District Court, Southern District of Florida
### Case No.: 16-cv-21301-DPG

*Securities and Exchange Commission v. Ariel Quiros, et al.*

Robert K. Levenson, Esq.
Senior Trial Counsel
Florida Bar No. 0089771
Direct Dial: (305) 982-6341
Email: levensonr@sec.gov

Christopher E. Martin, Esq.
Senior Trial Counsel
SD Florida Bar No.: A5500747
Direct Dial: (305) 982-6386
Email: martine@sec.gov

SECURITIES AND EXCHANGE COMMISSION
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154

*Counsel for Plaintiff*

Roberto Martinez, Esq.
Stephanie A. Casey, Esq.
COLSON HICKS EIDSON, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
Email:  bob@colson.com
Email:  scasey@colson.com

*Counsel for William Stenger*

Michael I. Goldberg
AKERMAN LLP
350 E. Las Olas Blvd., Suite 1600
Ft. Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email:  michael.goldberg@akerman.com

Jonathan S. Robbins, Esq.
AKERMAN LLP
350 E. Las Olas Blvd., Suite 1600
Ft. Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: jonathan.robbins@akerman.com

Naim Surgeon, Esq.
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 349-4654
Email: naim.surgeon@akerman.com

*Counsel for Court-Appointed Receiver*

Jeffrey C. Schneider, Esq.
LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN
Miami Center, 22nd Floor
201 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 403-8788
Email:  jcs@lklsg,com

*Counsel for Receiver*

| | |
|---|---|
| Mark P. Schnapp, Esq.<br>Mark D. Bloom, Esq.<br>Danielle N. Garno, Esq.<br>GREENBERG TRAURIG, P.A.<br>333 SE 2ndAvenue, Suite 4400<br>Miami, Florida 33131<br>Telephone: (305) 579-0500<br>Email: schnapp@gtlaw.com<br>Email:  bloomm@gtlaw.com<br>Email: garnod@gtlaw.com<br><br>*Counsel for Intervenor, Citibank NA.* | Haas A. Hatic<br>GREENSPOON MARDER, P.A.<br>200 East Broward Blvd.<br>Suite 1500<br>Fort Lauderdale, FL 33301<br>Telephone: 954-491-1120<br>Email: haas.hatic@gmlaw.com<br><br>*Counsel for North East Contract Services, Inc.* |

J. Ben Vitale
David E. Gurley
GURLEY VITALE
601 S. Osprey Avenue
Sarasota, Florida 32436
Telephone: (941) 365-4501
Email: bvitale@gurleyvitale.com
Email: dgurley@gurleyvitale.com


*Counsel for Blanc & Bailey Construction, Inc.*