UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-21301-GAYLES

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ARIEL QUIROS, *et al.*,

    Defendants, and

JAY CONSTRUCTION MANAGEMENT, INC., *et al.*,

    Relief Defendants.
_____/

**LEÓN COSGROVE, LLC AND MITCHELL, SILBERBERG & KNUPP LLP'S MOTION FOR RECONSIDERATION REGARDING MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF ADDRESSING SCOPE OF ASSET FREEZE**

    Non-parties León Cosgrove, LLC ("León Cosgrove") and Mitchell, Silberberg & Knupp, LLP ("MSK") hereby respectfully move the Court to reconsider its Order [DE 310] denying their Motion.

## I.     INTRODUCTION

    León Cosgrove and MSK have **not** asked this Court "to resolve a private attorney's fee issue between Quiros and his prior counsel in this action." [DE 310.] León Cosgrove and MSK asked **only** that the Court follow a long line of authority in clarifying that its Asset Freeze Order [DE 11] does not apply to insurance proceeds for defense costs. León Cosgrove and MSK sought guidance on this issue because the Receiver recently suggested that payment of defense costs by Ironshore under an interim funding agreement would violate the Court's Order. In an abundance of caution, and though they believed the Receiver was clearly incorrect under

prevailing case law and the plain language of the Asset Freeze Order, León Cosgrove and MSK sought confirmation that they could receive payment from Ironshore without violating the asset freeze, and nothing more.

Importantly, León Cosgrove and MSK are not asking the Court to decide:

- Whether any amounts charged were proper or excessive; or
- Whether there is insurance coverage.

Rather, León Cosgrove and MSK ask only that the Court confirm the meaning of its own Order. There is no case barring intervention in remotely similar circumstances. The Court has undeniable inherent authority to allow León Cosgrove and MSK to be heard on the meaning of the Court's own ruling and it is practical, sensible, and efficient for the Court to use that authority to allow León Cosgrove and MSK to be heard on that one issue.

## II.     UPDATED FACTUAL BACKGROUND

> *"David, I just want to thank you for your efforts, and to please stay next to me until it's over. I believe in your efforts and talent. We will get a break soon. The law and truth has to prevail. Thank you on all fronts. It must be hard …"*
>
> -- Ariel Quiros in a text to David Gordon of MSK, March 9, 2017 (*i.e.*, 16 days before he terminated León Cosgrove and MSK).

Despite explicitly promising that he would support efforts by León Cosgrove and MSK to use insurance for his defense, Quiros abruptly terminated both firms just days before the Hearing on Quiros's motion for clarification regarding insurance proceeds [DE 288]. Prior to termination he never suggested he was dissatisfied in any way with León Cosgrove or MSK – and, as reflected above, just the opposite is true.

Without seeking the input of León Cosgrove or MSK, Quiros's new counsel, Damian & Valori LLP ("DV"), unilaterally moved a hearing that had been noticed to confirm that the Asset

Freeze Order did not apply to insurance proceeds used for defense costs.  Then, DV made a series of misleading filings (*see* DE 299, DE 300, DE 301) apparently intended to allow **DV** to profit from the interim funding agreement **that León Cosgrove secured**.  Specifically, DV sought approval to receive $100,000 from Ironshore for work they **have not yet done**, and simultaneously put the wheels in motion to prevent León Cosgrove and MSK from receiving payment on an interim funding agreement for work that they **have done**.

### III.    LIMITED INTERVENTION IS PROPER

The law allows León Cosgrove and MSK to intervene as of right.  There is no binding authority supporting the SEC's argument that Section 21(g) of the Exchange Act bars intervention.  While conceding that the caselaw elsewhere is mixed, the SEC proffers a grab bag of largely unpublished decisions that happen to deny intervention, largely in the context of permissive intervention.  This should in no way suggest that the Court cannot allow intervention; there are many cases in which courts have done just that in SEC cases.  *See*, *e.g.*, *SEC v. Flight Transp. Corp.*, 699 F.2d 943, 949-50 (8th Cir. 1983) (finding that Section 21(g) does not prohibit all intervention in SEC actions, but implies that the issue must be decided on a case-by-case basis); *SEC v. Credit BanCorp, Ltd.*, 194 F.R.D. 457, 465-66 (S.D.N.Y. 2000) (same).

Importantly, **none** of the cases relied upon by the SEC involve an "intervention" as discrete as the instant case – *i.e.*, not on the merits but for one hearing to clarify a Court's own ruling.  And, the central rationale for the interpretation of 21(g) advanced by the SEC, is not present here.  *SEC v. One or More Unknown Traders*, 530 F. Supp. 2d 192, 195 (D.D.C. 2008), relied upon by the SEC, explained that "squarely within Congress's crosshairs" when it enacted 21(g) was the risk of "significant[] delay."  And, in many cases, this rationale holds – for instance, a private plaintiff intervening in an SEC enforcement action designed to protect

LEÓN COSGROVE, LLC
255 ALHAMBRA CIR. | SUITE 800 | CORAL GABLES, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

investor interests could gunk up the works, make litigation or settlement more complicated. But – in this case – one short hearing cannot possibly cause such delay. The present case is not one where attorneys are asking for approval of the amount of fees, or to resolve a fee dispute between a client and his attorneys, or where attorneys hope (or want) to be in the case for a sustained period of time. The SEC and DV regrettably led the Court to believe that movants sought an adjudication of a fee dispute, but that is just not true. The Court should not refuse León Cosgrove and MSK the opportunity to clarify the Court's own rulings.

## IV. THE UNDERLYING MERITS FAVOR THE OUTCOME URGED BY LEÓN COSGROVE AND MSK

It should be noted that the SEC and Receiver have successfully avoided ever briefing whether, under the law, insurance proceeds should be subject to the asset freeze.

Accordingly, León Cosgrove and MSK incorporate by reference herein the legal arguments contained in Quiros's Motion for Expedited Clarification or Modification of Asset Freeze Order [DE 288]. It is perhaps not surprising that they have sought to avoid the Hearing, since the authority allowing insurance payments to León Cosgrove and MSK to defray their defense costs is overwhelmingly strong. *See, e.g.*, *SEC v. Morriss*, No. 4:12-CV-80 (CEJ), 2012 U.S. Dist. LEXIS 64465, at *6, *16 (E.D. Mo. May 8, 2012) ("The SEC's argument is directed [at] the efforts of defendants to gain access to their own assets placed under an asset freeze. Morriss is not asking the Court to release frozen assets and the SEC's argument has no application here. . . . [T]he asset freeze order previously entered does not bar Federal from disbursing proceeds to pay Morriss's defense costs in accordance with the policy's terms and conditions."); *SEC v. Narayan*, No. 3:16-cv-1417-M, 2017 U.S. Dist. LEXIS 14424, at *12–13, 19 (N.D. Tex. Feb. 2, 2017) (rejecting receiver's attempt to enjoin advancement of defense costs where "the Receiver apparently seeks to preserve the Policy proceeds as 'a significant asset of

the estate' for future distribution to claimants against the Receivership Estate, rather than as a defendant seeking defense costs or liability protection"); *In re CHS, Elecs., Inc.*, 216 B.R. 538, 542 (Bankr. S.D. Fla. 2001) (holding that proceeds were not property of the estate when the liquidating trustee based claim to proceeds on "his potential claims against the directors and officers" rather than as an insured under the policy.); *In re Taylor Bean & Whitaker Mortg. Corp.*, 2010 Bankr. LEXIS 6532, at *7 (M.D. Fla. Sept. 14, 2010) ("many courts have made a distinction between insurance policies owned by a debtor and the proceeds payable under the policies, holding that the proceeds are not property of the estate where the debtor owns the policies but has no interest in the proceeds.").

Rather than offer any counterargument (and León Cosgrove and MSK believe there is **no credible counterargument**), the Receiver and SEC appear to have coordinated with *DV* to prevent any hearing on the matter. They then led this Court to believe that León Cosgrove and MSK wanted the Court to adjudicate a fee dispute. The Court should not reward Machiavellian gamesmanship or endorse misdirection. This Motion only concerns the scope of the Court's own order and has nothing to do with the amount or propriety of the fees charged, which will be determined elsewhere.

## V.    CONCLUSION

For the foregoing reasons, León Cosgrove and MSK respectfully request that the Court reconsider its ruling and allow them to be heard on the limited issue of whether payment by Ironshore under an interim funding agreement violates this Court's asset freeze order.

Dated:  April 7, 2017                                    Respectfully submitted,

By: *s/ Scott B. Cosgrove*
    Scott B. Cosgrove
     Florida Bar No. 161365
    James R. Bryan
     Florida Bar No.  696862
    **León Cosgrove, LLC**
    255 Alhambra Circle, Suite 800
    Coral Gables, Florida 33133
    Telephone: (305) 740-1975
    Facsimile:  (305) 437-8158
    Email:  scosgrove@leoncosgrove.com
    Email:  jbryan@leoncosgrove.com
    Email:  anoonan@leoncosgrove.com

    David B. Gordon *(pro hac vice)*
    12 East 49th Street
    30th Floor
    New York, NY 10017
    Telephone:  (212) 509-3900
    Facsimile:  (212) 509-7239
    Email:  dbg@msk.com

    John S. Durrant *(pro hac vice)*
    11377 W. Olympic Blvd.
    Los Angeles, CA 90064
    Telephone: (310) 312-3187
    Facsimile:  (310) 312-3100
    Email:  jsd@msk.com

    *Former Counsel for Defendant Ariel Quiros*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this on April 7, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing documents are being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in the manner stated in the service list attached.

*s/ Scott B. Cosgrove*
Scott B. Cosgrove

# SERVICE LIST
## US District Court, Southern District of Florida
## Case No.: 16-cv-21301-DPG

*Securities and Exchange Commission v. Ariel Quiros, et al.*

Robert K. Levenson, Esq.
Senior Trial Counsel
Florida Bar No. 0089771
Direct Dial: (305) 982-6341
Email: levensonr@sec.gov

Christopher E. Martin, Esq.
Senior Trial Counsel
SD Florida Bar No.: A5500747
Direct Dial: (305) 982-6386
Email: martine@sec.gov

SECURITIES AND EXCHANGE COMMISSION
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154

*Counsel for Plaintiff*

Roberto Martinez, Esq.
Stephanie A. Casey, Esq.
COLSON HICKS EIDSON, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
Email: bob@colson.com
Email: scasey@colson.com

*Counsel for William Stenger*

Michael I. Goldberg
AKERMAN LLP
350 E. Las Olas Blvd., Suite 1600
Ft. Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: michael.goldberg@akerman.com

Jonathan S. Robbins, Esq.
AKERMAN LLP
350 E. Las Olas Blvd., Suite 1600
Ft. Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: jonathan.robbins@akerman.com

Naim Surgeon, Esq.
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 349-4654
Email: naim.surgeon@akerman.com

*Counsel for Court-Appointed Receiver*

Jeffrey C. Schneider, Esq.
LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN
Miami Center, 22nd Floor
201 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 403-8788
Email: jcs@lklsg,com

*Counsel for Receiver*

| | |
|---|---|
| Mark P. Schnapp, Esq.<br>Mark D. Bloom, Esq.<br>Danielle N. Garno, Esq.<br>GREENBERG TRAURIG, P.A.<br>333 SE 2ndAvenue, Suite 4400<br>Miami, Florida 33131<br>Telephone: (305) 579-0500<br>Email: schnapp@gtlaw.com<br>Email:  bloomm@gtlaw.com<br>Email: garnod@gtlaw.com<br><br>*Counsel for Intervenor, Citibank NA.* | Haas A. Hatic<br>GREENSPOON MARDER, P.A.<br>200 East Broward Blvd.<br>Suite 1500<br>Fort Lauderdale, FL 33301<br>Telephone: 954-491-1120<br>Email: haas.hatic@gmlaw.com<br><br>*Counsel for North East Contract Services, Inc.* |

J. Ben Vitale
David E. Gurley
GURLEY VITALE
601 S. Osprey Avenue
Sarasota, Florida 32436
Telephone: (941) 365-4501
Email: bvitale@gurleyvitale.com
Email: dgurley@gurleyvitale.com


*Counsel for Blanc & Bailey Construction, Inc.*