UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-21301-GAYLES

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ARIEL QUIROS,
WILLIAM STENGER,
JAY PEAK, INC.,
Q RESORTS, INC.,
JAY PEAK HOTEL SUITES L.P.,
JAY PEAK HOTEL SUITES PHASE II L.P.,
JAY PEAK MANAGEMENT, INC.,
JAY PEAK PENTHOUSE SUITES L.P.,
JAY PEAK GP SERVICES, INC.,
JAY PEAK GOLF AND MOUNTAIN SUITES L.P.,
JAY PEAK GP SERVICES GOLF, INC.,
JAY PEAK LODGE AND TOWNHOUSES L.P.,
JAY PEAK GP SERVICES LODGE, INC.,
JAY PEAK HOTEL SUITES STATESIDE L.P.,
JAY PEAK GP SERVICES STATESIDE, INC.,
JAY PEAK BIOMEDICAL RESEARCH PARK L.P.,
AnC BIO VERMONT GP SERVICES, LLC,

    Defendants, and

JAY CONSTRUCTION MANAGEMENT, INC.,
GSI OF DADE COUNTY, INC.,
NORTH EAST CONTRACT SERVICES, INC.,
Q BURKE MOUNTAIN RESORT, LLC,

    Relief Defendants

_____/

**ORDER (I) PRELIMINARILY APPROVING SETTLEMENT
BETWEEN RECEIVER, INTERIM CLASS COUNSEL, AND RAYMOND JAMES &
ASSOCIATES, INC.; (II) TEMPORARILY STAYING RELATED LITIGATION
AGAINST RAYMOND JAMES & ASSOCIATES, INC.; (III) APPROVING FORM AND
CONTENT OF NOTICE, AND MANNER AND METHOD OF SERVICE
AND PUBLICATION; (IV) SETTING DEADLINE TO OBJECT TO APPROVAL OF
SETTLEMENT AND ENTRY OF BAR ORDER; AND (V) SCHEDULING A HEARING**

1

**THIS MATTER** came before the Court upon the Motion for (i) Approval of Settlement between Receiver, Interim Class Counsel, and Raymond James & Associates, Inc.; (ii) Approval of Form, Content and Manner of Notice of Settlement and Bar Order; (iii) Temporary Stay of Related Litigation Against Raymond James & Associates, Inc.; and (iv) Entry of a Bar Order; with Incorporated Memorandum of Law [ECF No. 315] (the "Motion") filed by the Michael I. Goldberg, as the Court-appointed receiver (the "Receiver") of the entities set forth on Exhibit A to this Order (the "Receivership Entities") in the above-captioned civil enforcement action (the "SEC Action"). The Motion concerns the Receiver's request for approval of the proposed settlement with Interim Class Counsel and Raymond James & Associates, Inc. ("Raymond James") set forth in the Settlement Agreement dated April 13, 2017 (the "Settlement Agreement") attached as Ex. A to the Motion. Terms used but not defined in this Order have the meaning ascribed to them in the Settlement Agreement.

By way of the Motion, the Receiver seeks an Order preliminarily approving the Settlement Agreement and establishing procedures to provide notice of the settlement and an opportunity to object, setting a deadline to object and scheduling a hearing. After reviewing the terms of the Settlement Agreement, reviewing the Motion and its exhibits, and considering the arguments and proffers set forth in the Motion, the Court preliminarily approves the Settlement Agreement and hereby establishes procedures for final approval of the Settlement Agreement and entry of the Bar Order as follows:

1. **Preliminary Approval.** Based upon the Court's review of the Settlement Agreement, the Motion and its attachments, and upon the arguments and proffers set forth in the Motion, the Court preliminarily finds that the settlement is fair, adequate and reasonable, is a prudent exercise of the business judgment by the Receiver, and is the product of good

faith, arm's length and non-collusive negotiations between the Receiver and Raymond James. The Court, however, reserves a final ruling with respect to the terms of the Settlement Agreement, including the Bar Order, until after the Final Approval Hearing (defined below).

2. **Stay of Related Litigation Against Raymond James.**  The Court also finds that, under its broad equitable power, a temporary stay of the Receiver's action against Raymond James, captioned *Goldberg v. Raymond James & Associates, Inc. et al.*, Case No. 16-CV-21831-JAL (S.D. Fla.) (the "Receiver's Action"), and the actions brought by investors in certain Receivership Entities against Raymond James, including, without limitation, *Daccache v. Raymond James & Associates, Inc. et al.*, Case No. 16-CV-21575-FAM; *Zhang v. Raymond James & Associates, Inc. et al.*, Case No. 16-CV-24655-KMW (S.D. Fla.); *Gonzalez et al. v. Raymond James & Associates, Inc. et al.*, Case No. 16-17840-CA-01 (11th Jud. Cir. Miami-Dade Cty); and *Waters v. Raymond James & Associates, Inc. et al.*, Case No. 11-2016-CA-001936-0001-XX (20th Jud. Cir. Collier Cty) (collectively, the "Investor Actions"), is warranted to preserve the claims of the Receiver being settled and the orderly administration of the Receivership Estate. This stay shall only be effective with respect to claims against Raymond James and does not affect the prosecution of any claim against any other defendant in the Receiver's Action or the Investor Actions. This stay does not apply to any pending or future actions brought by any federal or state governmental bodies or agencies.

3. **Notice.**  The Court approves the form and content of the notice attached as Ex. C to the Settlement Agreement (the "Notice"). Service or publication of the Notice in accordance with the manner and method set forth in this paragraph constitutes good and sufficient

notice, and is reasonably calculated under the circumstances to notify all interested parties of the Motion, the Settlement Agreement and the Bar Order, and of their opportunity to object thereto and attend the Final Approval Hearing (defined below) concerning these matters; furnishes all parties in interest a full and fair opportunity to evaluate the settlement and object to the Motion, the Settlement Agreement, the Bar Order, and all matters related thereto; and complies with all requirements of applicable law, including, without limitation, the Federal Rules of Civil Procedure, the Court's local rules, and the Unites States Constitution.  Accordingly:

a. The Receiver is directed, no later than 10 days after entry of this Order, to cause the Notice in substantially the same form as attached to the Settlement Agreement, to be served via email (or if no electronic mailing address is available, then by first class U.S. mail, postage prepaid) to

   i. all counsel who have appeared of record in the SEC Action;
   ii. all counsel for all investors who are known by the Receiver to have appeared of record in any legal proceeding or arbitration commenced by or on behalf of any individual investor or putative class of investors seeking relief against any person or entity relating in any manner to the Receivership Entities or the subject matter of the SEC Action;
   iii. all known investors in each and every one of the Receivership Entities identified in the investor lists in the possession of the Receiver at the addresses set forth therein; and
   iv. all known non-investor creditors of each and every one of the Receivership Entities identified after a reasonable search by the Receiver.
   v. all parties to the SEC Action, the Class Action, and the Investor Actions.
   vi. all professionals, financial institutions, and consultants of the Receivership Entities identified by Raymond James from discovery in the Receiver's Action or Investor Actions.

4

      vii.    all owners, officers, directors, and senior management employees of the Receivership Entities identified by Raymond James from discovery in the Receiver's Action or Investor Actions.

      viii.    other persons identified by Raymond James from discovery in the Receiver's Action or Investor Actions.

b. The Receiver is directed, no later than 10 days after entry of this Order, to cause the Notice in substantially the same form as attached to the Settlement Agreement to be published

    i. twice a week for three consecutive weeks in each of The Burlington Free Press and Vermont Digger; and

    ii. on the website maintained by the Receiver in connection with the SEC Action (www.JayPeakReceivership.com).

c. The Receiver is directed to provide promptly copies of the Motion, the Settlement Agreement, and all exhibits and attachments thereto, to any person who requests such documents via email to Kimberly Matregrano at kimberly.matregrano@akerman.com, or via telephone by calling Ms. Matregrano at 954-759-8929. The Receiver may provide such materials in the form and manner that the Receiver deems most appropriate under the circumstances of the request.

d. The Receiver is directed, no later than 5 days before the Final Approval Hearing (defined below), to file with the Court in the SEC Action written evidence of compliance with the subparts of this paragraph, which may be in the form of an affidavit or declaration.

4. **Final Hearing.** The Court will conduct a hearing before the Honorable Darrin P. Gayles in the United States District Court for the Southern District of Florida, Wilkie D.

5

Ferguson United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128, in Courtroom 11-1, at 10:30 a.m. on June 30, 2017 (the "Final Approval Hearing"). The purposes of the Final Approval Hearing will be to consider final approval of the Settlement Agreement, entry of a Bar Order as provided in Ex. B to the Settlement Agreement, and award of attorneys' fees as described in paragraph 7.

5. **Objection Deadline; Objections and Appearances at the Final Approval Hearing.** Any person who objects to the terms of the Settlement Agreement, the Bar Order provision, the Motion, or any of the relief related to any of the foregoing, must file an objection, in writing, with the Court pursuant to the Court's Local Rules, no later than June 5, 2017. All objections filed with the Court must:

   a. Contain the name, address, telephone number of the person filing the objection or his or her attorney;

   b. Be signed by the person filing the objection, or his or her attorney;

   c. State, in detail, the factual and legal grounds for the objection;

   d. Attach any document the Court should review in considering the objection and ruling on the Motion; and

   e. If the person filing the objection intends to appear at the Final Approval Hearing, make a request to do so.

Subject to the discretion of this Court, no person will be permitted to appear at the Final Approval Hearing without first filing a written objection and requesting to appear at the hearing in accordance with the provisions of this paragraph. Copies of any objections filed must be served by email or regular mail on:

>Michael I. Goldberg
>(michael.goldberg@akerman.com)
>Akerman LLP
>350 East Las Olas Boulevard, Ste. 1600
>Fort Lauderdale, FL 33301
>
>-and-
>
>Jeffrey C. Schneider
>(jcs@lklsg.com)
>Levine Kellogg Lehman Schneider + Grossman, LLP
>201 S. Biscayne Blvd., 22nd Floor
>Miami, FL 33131
>
>-and-
>
>Stanley H. Wakshlag
>(shw@knpa.com)
>Deborah S. Corbishley
>(dsc@knpa.com)
>Kenny Nachwalter, P.A.
>1441 Brickell Ave., Ste. 1100
>Miami, FL 33131
>
>-and-
>
>Thomas A. Tucker Ronzetti
>(tr@kttlaw.com)
>Harley S. Tropin
>(hst@kttlaw.com)
>Kozyak Tropin & Throckmorton, LLP
>2525 Ponce de Leon Blvd., 9th Floor,
>Miami, FL 33134

Any person failing to file an objection by the time and in the manner set forth in this paragraph shall be deemed to have waived the right to object (including any right to appeal) and to appear at the Final Approval Hearing, and such person shall be forever barred from raising such objection in this action or any other action or proceeding, subject to the discretion of this Court.

6. **Responses to Objections.**  Any party to the Settlement Agreement may respond to an objection filed pursuant to this Order by filing a response in the SEC Action.  To the

extent any person filing an objection cannot be served by the Court's CM/ECF system, a response must be served to the email address provided by that objector, or, if no email address is provided, to the mailing address provided.

7. **Attorneys' Fee Claims Forms.** Within 30 days of the entry of this Order, all attorneys wishing to seek compensation from the Attorneys' Fund established in paragraph 10 of the Settlement Agreement for services rendered on behalf of Investors must serve the Receiver, Class Counsel, and counsel for Raymond James a claim for compensation in substantially the same form as the Attorney Claim Form attached as Exhibit "K" and file with the District Court in the SEC Action a Notice of Service of Attorney Claim Form in substantially the same form as the Notice of Service of Attorney Claim Form attached to the Settlement Agreement as Exhibit "L." Failure of an attorney to submit an Attorney Claim Form and file a Notice of Service of Attorney Claim Form within such time period shall bar compensation from the Attorneys' Fund. The procedures for distribution of the Attorneys' Fund and for resolution of disputes relating to distribution of the Attorneys' Fund set forth in paragraph 10 of the Settlement Agreement are hereby approved by this Court.

8. **Adjustments Concerning Hearing and Deadlines.** The date, time and place for the Final Approval Hearing, and the deadlines and other requirements in this Order, shall be subject to adjournment, modification or cancellation by the Court without further notice other than that which may be posted by means of the Court's CM/ECF system in the SEC Action. **If no objections are timely filed or if the objections are resolved before the hearing, the Court may cancel the Final Approval Hearing.**

9. **No Admission.**  Nothing in this Order or the Settlement Agreement is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the settling parties with regard to the SEC Action, the Receiver's Action, the Investor Actions, any proceeding therein, or any other case or proceeding.

10. **Jurisdiction.**  The Court retains jurisdiction to consider all further matters relating to the Motion or the Settlement Agreement, including, without limitation, entry of an Order finally approving the Settlement Agreement and the Bar Order provision.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of April, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

# Exhibit A

### (List of Receivership Entities)

Jay Peak, Inc.

Q Resorts, Inc.

Jay Peak Hotel Suites L.P.

Jay Peak Hotel Suites Phase II L.P.

Jay Peak Management, Inc.

Jay Peak Penthouse Suites L.P.

Jay Peak GP Services, Inc.

Jay Peak Golf and Mountain Suites L.P.

Jay Peak GP Services Golf, Inc.

Jay Peak Lodge and Townhouses L.P.

Jay Peak GP Services Lodge, Inc.

Jay Peak Hotel Suites Stateside L.P.

Jay Peak GP Services Stateside, Inc.

Jay Peak Biomedical Research Park L.P.

AnC Bio Vermont GP Services, LLC

Q Burke Mountain Resort, Hotel and Conference Center, L.P.

Q Burke Mountain Resort GP Services, LLC

Jay Construction Management, Inc.

GSI of Dade County, Inc.

North East Contract Services, Inc.

Q Burke Mountain Resort, LLC