**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 16-cv-21301-GAYLES**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARIEL QUIROS, *et al.*,

Defendants,

JAY CONSTRUCTION MANAGEMENT, INC.,
 *et al.*,

Relief Defendants, and

Q BURKE MOUNTAIN RESORT, HOTEL AND
CONFERENCE CENTER, L.P., Q BURKE
MOUNTAIN RESORT GP SERVICES, LLC,

Additional Defendants.
_____/

**SUPPLEMENTAL MOTION TO ADDRESS THE COURT'S CONCERNS AND**
**APPROVE DISBURSEMENT OF ATTORNEYS' FUND**

Daccache Interim Class Counsel, on behalf of the 13 law firms submitting claims to the Jay Peak Raymond James Attorneys' Fund (the "Investors' Attorneys" or "Investors' Counsel"), moves to address the Court's concerns and for the Court to approve disbursement of the Attorneys' Fund pursuant to the terms of the Settlement Agreement and their agreed allocation.

The Settlement Agreement was the result of hard fought litigation and months of negotiations, and the work of the Investors' Attorneys was instrumental to that result. *See* Notice of Proposed Allocation of the Attorneys' Fund for Court's Final Approval, D.E. 343, attached as Exhibit 1. The Investors' Attorneys litigated five separate actions in Federal and State courts and arbitration, expending over 19,700 hours in time valued at $9,391,841.80 in lodestar, as well as

$235,000 in out-of-pocket expenses, all at their own risk. Their work[1] — coordinating prosecution of civil cases against Raymond James, including a class action on behalf of all investors, negotiating settlement terms with the Receiver, and preparing for trial, including interviews and investigations with investors and witnesses, subpoenas and document requests litigated in multiple hearings, depositions of key witnesses, litigating motions to dismiss and other motions — was a tremendous coordinated effort that exerted enormous pressure on Raymond James. The dispute would not have settled at all without releasing the claims mustered by Investors' Counsel, and Interim Class Counsel's participation in the mediation vastly drove up the monetary terms of the settlement.[2] Thus, as the Receiver and his counsel have acknowledged, the settlement was a team effort. For these reasons, the Receiver appropriately supported the $25 million fee application under consideration. Should the Court have any doubts about the value of the Investor Counsel's work or the benefits that they conferred, Investors' Counsel propose a brief evidentiary hearing in which the Court could hear from the mediator Bruce Greer and the involved participants at the mediation - Michael Alford (deputy general counsel for Raymond James & Associates, Inc.), Stanley Wakshlag (counsel for Raymond James & Associates, Inc.), Receiver Michael Goldberg, Jeffrey Schneider (counsel to the Receiver), and Harley Tropin and Tucker Ronzetti (interim class

---

[1] Interim Class Counsel led the coordinated litigation, including discovery against Raymond James, noticing and taking the depositions of key Raymond James witnesses, and filing and arguing discovery motions.

[2] None of this is to take away from the efforts of the Receiver and his counsel who have spent enormous energy litigating the Estate's claims, running the business of Jay Peak, obtaining green card status for investors, initiating and spearheading negotiations with Raymond James, and devising the settlement plan the Court has just approved. Additionally, the work of the S.E.C. in investigating and obtaining the injunction, and the enormous judicial effort of this Court in supervising this case, entering the preliminary injunction order, and handling the judicial oversight of this multi-party multifaceted case deserve appreciation and recognition.

counsel). Investors' Counsel would be happy to respond to any concerns or questions the Court may have.

An integral part of the Settlement Agreement is the Attorneys' Fund and the procedures relating to it.  By its terms, the Attorneys' Fund is "to reimburse costs and compensate the plaintiffs' attorneys in the Investor Class Action, the Other Investor Actions, or who otherwise claim to represent Investors …." D.E. 315-1, Para. 3(d)(viii).  The Settlement Agreement does not allow the use of the Attorneys' Fund in any other manner.  It contemplates only that "in the event that the District Court in the SEC Action approves a total amount to be disbursed from the Attorneys' Fund that is less than the full amount held in the Attorneys' Fund, that difference shall be promptly disbursed as follows: Seventy Five Percent (75%) to Raymond James; Twenty Five Percent (25%) to the Receiver to be used for the benefit of the Receivership Estate." *Id*.

The Receiver, who was on the front lines and evaluated the contributions of Investors' Counsel, has agreed that the Attorneys' Fund will be used to compensate Investors' Counsel, specifically promising to "support[] … the application by Class Counsel and the other plaintiffs' attorneys for the award of attorneys' fees and expenses in an aggregate amount not to exceed Twenty Five Million Dollars ($25,000,000.00)." *Id*. The S.E.C. reviewed the Settlement Agreement and did not object to this language.  No investor objected — in fact, no person or entity whatsoever objected — to the Attorneys' Fund or the claims of Investors' Counsel.  The time for any objections has long passed, so any other position has been waived.

It is true that the Attorneys' Fund is "subject . . . to the approval of the District Court in the SEC Action …." Settlement Agreement, D.E. 315-1, para. 3(d)(viii).  The Agreement cannot, however, be rewritten. *See Holmes v. Cont'l Can Co*., 706 F.2d 1144, 1160 (11th Cir. 1983)

("Courts are not permitted to modify settlement terms or in any manner to rewrite the agreement reached by the parties.") (citations omitted).

Neither *should* the Agreement be revised, even if that were possible, because it is fair and appropriate. Revising the Agreement would also undermine the interests of the investors. The Attorneys' Fund was created not only to award compensation to the attorneys, but to benefit the investors who are represented by those attorneys, because attorneys submitting claims agreed not to seek payment from their clients from proceeds of the settlement. The Investors' Attorneys have contingency agreements with their clients, and would often have received higher compensation through those agreements. The 16.66% fee award to Investors' Counsel would be half of the percentage used in a typical contingency agreement. Applying typical contingency fees to the recoveries of Phase VII investors alone, without considering any other group, would amount to over $22 million. Taking away compensation from the Investors' Attorneys who relied on the Attorneys' Fund would be unfair, because they relied on good faith application of its terms in giving up their contractual contingency fee rights, which substantially benefitted the investors.

## CONCLUSION

For the foregoing reasons, the Court should approve the award of the Attorneys' Fund to the Investors' Attorneys pursuant to the Settlement Agreement and their agreed allocation. Alternatively, if the Court continues to have concerns, Investors' Counsel would welcome a hearing as described above to address them.

Respectfully submitted,

| | |
|---|---|
| Paul Aiello, Esq.<br>Florida Bar No. 0909033<br>paiello@bennettaiello.com<br>Michael P. Bennett, Esq.<br>Florida Bar No. 0775304<br>mbennett@bennettaiello.com<br>Jeremy R. Kreines, Esq.<br>Florida Bar No. 101119<br>jkreines@bennettaiello.com<br>**BENNETT AIELLO**<br>The Ingraham Building, Eighth Floor<br>25 Southeast Second Avenue<br>Miami, Florida 33131<br>Telephone:   (305) 358-9011<br>Facsimile:    (305) 358-9012 | /s/*Harley S. Tropin*<br>Harley S. Tropin, Esq.<br>Florida Bar No. 241253<br>hst@kttlaw.com<br>Thomas A. Tucker Ronzetti, Esq.<br>Florida Bar No. 965723<br>tr@kttlaw.com<br>Dyanne E. Feinberg<br>Florida Bar No. 371548<br>def@kttlaw.com<br>Maia Aron, Esq.<br>Florida Bar No. 17188<br>ma@kttlaw.com<br>Tal J. Lifshitz, Esq.<br>Florida Bar No. 99519<br>tjl@kttlaw.com<br>**KOZYAK TROPIN &**<br>**THROCKMORTON LLP**<br>2525 Ponce de Leon Blvd., 9th Floor<br>Coral Gables, FL 33134<br>Telephone:  (305) 372-1800<br>Facsimile:   (305) 372-3508 |
| Daniel C. Girard, Esq.<br>dcg@girardgibbs.com<br>Adam E. Polk, Esq.<br>aep@girardgibbs.com<br>Angelica M. Ornelas, Esq.<br>amo@girardgibbs.com<br>**GIRARD GIBBS LLP**<br>601 California Street, 14th Floor<br>San Francisco, California 94108<br>Telephone: 415.981.4800 | Kathleen M. Donovan-Maher, Esq.<br>kdonovanmaher@bermandevalerio.com<br>Steven Buttacavoli, Esq.<br>sbuttacavoli@bermandevalerio.com<br>Mark A. Delaney, Esq.<br>mdelaney@bermandevalerio.com<br>Nathaniel L. Orenstein, Esq.<br>norenstein@bermandevalerio.com<br>**BERMAN DEVALERIO**<br>One Liberty Square<br>Boston, Massachusetts 02109<br>Telephone:  (617) 542-8300<br>Facsimile:  (617) 542-1194 |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via CM/ECF and also served on July 3, 2017 on the Receiver and Raymond James & Associates, Inc., via the manner stated in the service list below

*By: /s/ Harley S. Tropin*

## SERVICE LIST

| **Via E-Mail** | **Via E-Mail** |
|---|---|
| Jeffrey C. Schneider, Esq.<br>jcs@lklsg.com<br>**Levine Kellogg Lehman Schneider + Grossman LLP**<br>201 South Biscayne Boulevard<br>22nd Floor, Miami Center<br>Miami, Florida  33131<br><br>*Attorney for the Receiver, Michael Goldberg* | Stanley H. Wakshlag, Esq.<br>shw@knpa.com<br>Deborah S. Corbishley, Esq.<br>dsc@knpa.com<br>Kenney Nachwalter, P.A.<br>Four Seasons Tower<br>Suite 1100<br>1441 Brickell Avenue<br>Miami, Florida 33131<br><br>*Counsel for Raymond James & Associates, Inc.* |

10M7856