**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-CV-21301-GAYLES**

**SECURITIES AND EXCHANGE COMMISSION,**

                **Plaintiff,**

**v.**

**ARIEL QUIROS, et al.,**

                **Defendants, and**

**JAY CONSTRUCTION MANAGEMENT, INC., et al.,**

                **Relief Defendants.**

_____/

**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF**
**AGAINST DEFENDANT ARIEL QUIROS**

This cause comes before the Court upon the Motion by Plaintiff Securities and Exchange Commission for a Judgment of Permanent Injunction and Other Relief against Defendant Ariel Quiros ("Judgment"). By the Consent attached hereto, and without admitting or denying the allegations of the Amended Complaint (except that Quiros admits the jurisdiction of this Court over him and over the subject matter of this action), Quiros has entered a general appearance, agreed to entry of this Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment. The Court finds that good cause exists for entry of the Judgment. Accordingly, the Commission's Motion is **GRANTED**. The Court further orders as follows:

**I.**

**PERMANENT INJUNCTION**

A.    **Section 17(a) of the Securities Act**

**IT IS ORDERED AND ADJUDGED** that Quiros is permanently restrained and

enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(1)     to employ any device, scheme, or artifice to defraud;

(2)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor; about: (A) any investment in or offering of securities, (B) the registration status of such offering or of such securities, (C) the prospects for success of any product or company, (D) the use of investor funds, or (E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of Quiros' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Quiros.

2

**B.      Section 10(b) and Rule 10b-5 of the Exchange Act**

**IT IS FURTHER ORDERED AND ADJUDGED** that Quiros is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in or offering of securities, (B) the registration status of such offering or of such securities, (C) the prospects for success of any product or company, (D) the use of investor funds, or (E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of Quiros' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or

3

participation with Quiros.

**C.**      **Section 20(a) of the Exchange Act**

**IT IS FURTHER ORDERED AND ADJUDGED** that Quiros is permanently restrained and enjoined from directly or indirectly violating Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)] by controlling any person or entity who uses any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in or offering of securities, (B) the registration status of such offering or of such securities, (C) the prospects for success of any product or company, (D) the use of investor funds, or (E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of Quiros' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Quiros.

## II.

## <u>CONDUCT BASED INJUNCTION</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. §78u(d)(5)], Section 305(b)(5) of the Sarbanes-Oxley Act of 2002, and the Court's equitable powers, Quiros is permanently restrained and enjoined from, directly or indirectly, including through any entity he owns or controls: (a) participating in the issuance, offer or sale of any securities issued through the EB-5 Immigrant Investor Program (provided, however, that such injunction would not prevent him from purchasing or selling securities for his own accounts); and (b) is prohibited from participating in the management, administration, or supervision of, or otherwise exercising any control over, any commercial enterprise or project that has issued or is issuing any securities through the EB-5 Immigrant Investor program.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of Quiros' officers, directors, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Quiros.

## III.

## <u>OFFICER AND DIRECTOR BAR</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Sections 21(d)(2) and 21(d)(5) of the Exchange Act [15 U.S.C. §§ 78u(d)(2) and 78u(d)(5)], and Section 305(b)(5) of the Sarbanes-Oxley Act, Quiros is barred from acting as an officer or director of any issuer that has a class of securities registered

pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

**IV.**

**SWORN ACCOUNTING**

**IT IS FURTHER ORDERED AND ADJUDGED** that Quiros shall provide a sworn accounting of all proceeds received resulting from the acts/or courses of conduct alleged in the Amended Complaint.

**V.**

**ASSET FREEZE**

**IT IS FURTHER ORDERED AND ADJUDGED** that pending further Order of the Court, the Asset Freeze this Court previously entered against Quiros (DE 11, 238) remains in full force and effect.

**VI.**

**DISGORGEMENT AND CIVIL PENALTY**

**IT IS FUTHER ORDERED AND ADJUDGED** that Quiros shall pay disgorgement and prejudgment interest on disgorgement, and the Court may order a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  The Court shall determine the amount of the disgorgement, prejudgment interest, and civil penalty upon motion of the Commission and after Quiros has had an opportunity to respond.  Prejudgment interest shall be calculated from April 12, 2016 based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or a civil penalty, and at any hearing held on such a motion: (a) Quiros will

be precluded from arguing that he did not violate the federal securities laws as alleged in the Amended Complaint; (b) Quiros may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Amended Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for a disgorgement, prejudgment interest on disgorgement, and a civil penalty, the parties may take discovery, including discovery from appropriate non-parties.

## VII.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Amended Complaint are true and admitted by Quiros, and further, any debt for disgorgement, prejudgment interest, or civil penalty or other amounts due by Quiros under this Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Quiros of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VIII.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Quiros shall comply

with all of the undertakings and agreements set forth therein.

## IX.

## <u>RETENTION OF JURISDICTION</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and Quiros in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## X.

## <u>RULE 54(b) CERTIFICATION</u>

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of August, 2017.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE