UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  16-cv-21301-GAYLES

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

ARIEL QUIROS,
WILLIAM STENGER,
JAY PEAK, INC.,
Q RESORTS, INC.,
JAY PEAK HOTEL SUITES L.P.,
JAY PEAK HOTEL SUITES PHASE II. L.P.,
JAY PEAK MANAGEMENT, INC.,
JAY PEAK PENTHOUSE SUITES, L.P.,
JAY PEAK GP SERVICES, INC.,
JAY PEAK GOLF AND MOUNTAIN SUITES L.P.,
JAY PEAK GP SERVICES GOLF, INC.,
JAY PEAK LODGE AND TOWNHOUSES L.P.,
JAY PEAK GP SERVICES LODGE, INC.,
JAY PEAK HOTEL SUITES STATESIDE L.P.,
JAY PEAK GP SERVICES STATESIDE, INC.,
JAY PEAK BIOMEDICAL RESEARCH PARK L.P.,
AnC BIO VERMONT GP SERVICES, LLC,

     Defendants, and

JAY CONSTRUCTION MANAGEMENT, INC.,
GSI OF DADE COUNTY, INC.,
NORTH EAST CONTRACT SERVICES, INC.,
Q BURKE MOUNTAIN RESORT, LLC,

     Relief Defendants.

Q BURKE MOUNTAIN RESORT, HOTEL
AND CONFERENCE CENTER, L.P.
Q BURKE MOUNTAIN RESORT GP SERVICES, LLC,

     Additional Receivership Defendants[1]

_____/

## RECEIVER'S THIRD INTERIM OMNIBUS APPLICATION FOR ALLOWANCE AND PAYMENT OF PROFESSIONALS' FEES AND REIMBURSEMENT OF EXPENSES FOR MAY 1, 2017 – AUGUST 31, 2017

_____

[1] *See* Order Granting Receiver's Motion to Expand Receivership dated April 22, 2016 [ECF No. 60].

Michael I. Goldberg (the "Receiver"), in his capacity as the court-appointed Receiver for Defendants, Jay Peak, Inc., Q Resorts, Inc., Jay Peak Hotel Suites L.P., Jay Peak Hotel Suites Phase II, L.P., Jay Peak Management, Inc., Jay Peak Penthouse Suites L.P., Jay Peak GP Services, Inc., Jay Peak Golf and Mountain Suites L.P., Jay Peak GP Services Golf, Inc., Jay Peak Lodge and Townhouses L.P., Jay Peak GP Services Lodge, Inc., Jay Peak Hotel Suites, L.P., Jay Peak GP Services, Inc., Jay Peak Biomedical Research Park L.P., and AnC Bio Vermont GP Services, LLC (collectively, "Receivership Defendants") and Relief Defendants Jay Construction Management, Inc., GSI of Dade County, Inc., North East Contract Services, Inc., and Q Burke Mountain Resort, LLC (collectively, "Relief Defendants") and Additional Receivership Defendants Q Burke Mountain Resort, Hotel and Conference Center, L.P. and Q Burke Mountain Resort GP Services, LLC, (collectively "Q Burke Entities" and with the Receivership Defendants and the Relief Defendants, the "Receivership Entities") files this Second Interim Omnibus Application (the "Application") for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for May 1, 2017 – August 31, 2017 (the "Application Period"), and in support, states as follows:

### Preliminary Statement

During the Application Period, the Receiver continued to bring additional assets into the Receivership estate and improve the value of and operations of the Receivership Entities.  On June 30, 2017 [ECF No. 353], the District Court approved the settlement which the Receiver and other parties reached with Raymond James & Associates, Inc. ("Raymond James"), whereby Raymond James agreed to pay $150 million in exchange for an order barring all claims against Raymond James (the "RJ Settlement").  The vast majority of the proceeds of the RJ Settlement are earmarked to be applied to pay the claims of the creditors of the Receivership Entities,

42934927;3
AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

reimburse investors who will be unable to obtain their citizenship, and provide benefit to other investors through improvements to the value of the receivership properties. During the Application Period, the Receiver received the settlement proceeds and began implementing the terms of the RJ Settlement by paying creditors, reimbursing investors and resuming construction projects and other improvements.

Additionally, the Receiver and his professionals continue to work with the management team to improve the value of and operations the Receivership Entities; continue to work with the Securities and Exchange Commission to secure and preserve the real and personal properties for the benefit of the investors; and continue to analyze claims against third parties. As a result of these actions, the Receiver seeks Court approval to pay the sum of $791,246.90 to the professionals engaged by the Receiver for fees and reimbursement of $43,143.94 in expenses for a total payment of $834,380.68. As more fully described herein the professionals have provided valuable services, have billed at significantly reduced rates, and are entitled to reasonable payment of their fees and reimbursement of their expenses.

## I.    Background

On April 12, 2016, the Securities and Exchange Commission ("SEC") filed a complaint [ECF No. 1] ("Complaint") in the United States District Court for the Southern District of Florida (the "Court") against the Receivership Defendants, Defendant, William Stenger ("Stenger") and Defendant Ariel Quiros ("Quiros") (collectively, the "Defendants"), and the Relief Defendants, alleging that the Defendants violated the Securities Act of 1933 and the Securities Exchange Act of 1934 by among other things, making false or materially misleading representations to foreign investors who provided funds to construct properties pursuant to the federal EB-5 immigration program.

42934927;3

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

On April 13, 2016, upon the SEC's Motion for Appointment of Receiver [ECF No. 7], the Court entered an Order ("Receivership Order") [ECF No. 13] selecting Michael Goldberg as the Receiver over the Receivership Defendants and the Relief Defendants (the "Receivership Order"). Relevant to this Application, the Receivership Order authorizes the Receiver to appoint professionals to assist him in "exercising the power granted by this Order ..." *See* Receivership Order at ¶ 4. Moreover, the Receiver and his professionals are entitled to reasonable compensation from the assets of the Receivership Defendants, subject to approval of the Court. *See* Receivership Order at ¶14.

**II.    Information about Applicant and the Application**

This Application has been prepared in accordance with the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission (the "Billing Instructions").[2] Pursuant to the Billing Instructions, the Receiver states as follows:

| | | |
|---|---|---|
| **(a)** | **Time period covered by the Application:** | May 1, 2017 – August 31, 2017 |
| **(b)** | **Date of Receiver's appointment:** | April 13, 2016 |
| **(c)** | **Date services commenced:** | April 4, 2016[3] |
| **(d)** | **Names and rates of all professionals:** | See Exhibit 4(a) – (e) |
| **(e)** | **Interim or Final Application:** | Interim |
| **(f)** | **Records supporting fee application:** | See below |

The following exhibits are provided in accordance with the Billing Instructions:

Exhibit 1:    Receiver's Certification

Exhibit 2:    Total compensation and expenses

---

[2] The Standardized Fund Accounting Report for the most recent quarter was filed with the Receiver's Third Interim Report [ECF No. 363].

[3] Levine Kellogg Lehman Schneider and Grossman LLP and Kapila Mukamal billed time prior to the official appointment of the Receiver, which are not subject to this fee request.

Exhibit 2(a):    Total compensation and expenses requested for this Application

Exhibit 2(b):    Summary of total compensation and expenses previously awarded

Exhibit 2(c):    Amounts previously requested and total compensation and expenses previously awarded

Exhibit 3:    Fee Schedule: Names and Hourly Rates of Professionals and Paraprofessionals & Total Amount Billed for each Professional and Paraprofessional:

Exhibit 3(a):    Akerman LLP

Exhibit 3(b):    Levine Kellogg Lehman Schneider and Grossman LLP

Exhibit 3(c):    Kapila Mukamal

Exhibit 3(d):    Klasko Immigration Law Partners, LLP

Exhibit 3(e):    Strouse & Bond PLLC

Exhibit 4:    Time records by professional for the time period covered by this Application, sorted in chronological order, including a summary and breakdown of the requested reimbursement of expenses:

Exhibit 4(a):    Akerman LLP

Exhibit 4(b):    Levine Kellogg Lehman Schneider and Grossman LLP

Exhibit 4(c):    Kapila Mukamal

Exhibit 4(d):    Klasko Immigration Law Partners, LLP

Exhibit 4(e):    Strouse & Bond PLLC

## III.    Case Status

### (a)    Cash on hand

The amount of cash in the Receivership bank accounts as of the date of filing this Application is $97,583,591.38. As further described below, much of these funds are earmarked to complete a modified construction of Phase VI, to refund or reimburse investors, and to satisfy

42934927;3

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

debt obligations. Moreover, these amounts do not include the funds used to maintain and operate the Jay Peak Resort, the Burke Mountain Hotel and related properties. As a result of these obligations, the amount of unencumbered funds presently in the receivership bank accounts is $3,449,156.80. The Receiver seeks to use the unencumbered funds to satisfy the accrued administrative expenses of totals $834,380.68 which is comprised of what is owed to the professionals described herein.

   (b)    **Summary of creditor claims proceedings**

   The Receiver has begun the process of paying undisputed claims of creditors and reimbursing investors who do not qualify for citizenship.  Previously, the Court authorized the Receiver to use funds located frozen bank account to pay certain investors and use a portion of the funds from the settlement with Citibank N.A. to pay the undisputed claims of lien of the contractors who performed construction work on the Burke Mountain Hotel (the "Burke Contractors") and on the Phase VI Stateside cottages (the "Stateside Contractors"). The Receiver previously made a partial payment to the Stateside Contractors.  The Receiver has since used the proceeds from the RJ Settlement to pay the remainder of the undisputed claims of the Stateside Contractors.  The Receiver is distributing the full amount of the undisputed claims of the Burke Contractors as he receives releases from the Burke Contractors.

   The Receiver is also utilizing the proceeds of the RJ Settlement to satisfy all principal obligations for all Phase I investors; pay all past-due trade debt on the Jay Peak Resort and the Burke Mountain Hotel; continue (modified) construction of the Phase VI cottages necessary for Phase VI investors to become eligible for permanent residency; provide refunds of all principal investments to all remaining Phase VII investors; provide refunds of all principal for up to twenty Phase VII investors who, based on current projections, may not be granted permanent residency if the requisite number of jobs are not created; and provide refunds of all principal

42934927;3
AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

investments to the Phase VIII investors whose I-526 petitions were denied prior to the Receivership Case.

### (c)     Description of assets/liquidated and unliquidated claims held by the Receiver

In additional to the information provided herein, for detailed information about the assets and claims, the Receiver respectfully refers the Court and interested parties to the Status Reports filed in this case.  The Receiver continues to review potential causes of action against the principals of the Receivership Defendants and various third parties. These claims may include common law claims and claims under fraudulent transfer statutes. While the Receiver cannot yet predict the likelihood, amount or cost-effectiveness of particular claims or the claims as a whole, the Receiver continues to diligently evaluate claims against third parties.

## IV.     The Professionals

### (a)     Akerman LLP

The Receiver is a partner at the law firm of Akerman LLP ("Akerman") and co-chair of Akerman's Fraud & Recovery Practice Group. The Receiver has practiced law for twenty-six years and specializes in receivership and bankruptcy cases. The Receiver has been appointed receiver in more than twenty state and federal receivership cases and has represented receivers and trustees in many other cases. The Receiver is working with a team of attorneys and paralegals at Akerman to administer this case. Since Akerman employs more than 650 lawyers and government affairs professionals through a network of 24 offices, the Receiver has ready access to professionals who specialize in litigation, real estate, corporate affairs, public policy and other pertinent matters and has used their expertise to administer the receivership estate.

The Receiver has agreed to reduce his billing rate and the rates of his professionals for this case. Instead of their standard billing rates, which range from $440.00 to $725.00, all partners are billed at $395.00; associate rates are capped at $260.00; paralegals and

42934927;3
**AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999**

paraprofessionals are capped at $175.00, resulting in a blended rate of $278.83.  In addition to the rate reductions, all time billed to non-working long distance travel is reduced by an additional 50%.[4]  These discounts equate to a $235,000.00 reduction from Akerman's standard billing. During the period covered by this Application, the Receiver and Akerman billed 1,654.30 hours and seek payment of fees in the sum of $461,301.50 and reimbursement of expenses in the sum of $21,573.38, for a total of $482,874.88.

    (b)    **Levine Kellogg Lehman Schneider + Grossman LLP**

Jeffrey Schneider, a partner at the law firm Levine Kellogg Lehman Schneider + Grossman LLP ("LKLSG") provides special litigation and conflicts litigation services for the Receiver.  Mr. Schneider is a trial lawyer whose practice focuses on complex commercial litigation and receiverships.  Mr. Schneider has served as a receiver himself in several cases.  Mr. Schneider has agreed to reduce the rates of his professionals for this case.  Instead of the standard billing rates of $450.00 to $600.00 per hour, all partners are billed at $250.00 - $260.00 per hour; all associates rates are reduced from the standard rates of $325.00 - $375.00 per hour, to $200.00 per hour; and all paraprofessionals are billed at $125.00 per hour, resulting in a blended rate of $223.45. This represents a significant reduction from LKLSG's standard billing rates and a $225,000.00 of savings for the receivership estate.   During the period covered by this Application, LKLSG billed 477.40 hours and seeks payment of fees in the sum of $106,674.50 and reimbursement of expenses in the sum of $17,757.46 (less a reduction of $10.16 for prepaid funds), for a total of $124,421.80.

---

[4] According to Akerman's invoice attached hereto as Exhibit 4(a), the Receiver and Akerman billed $22,589.00 for long distance travel.  However, as indicated in Akerman's Fee Schedule attached hereto as Exhibit 3(a), the Receiver only seeks payment of 50% ($11,294.50) of that amount.

42934927;3
AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

    (c)    **Kapila Mukamal**

Soneet Kapila, CPA, and the accounting firm Kapila Mukamal provide accounting and forensic work for the Receiver. Mr. Kapila's practice is focused on restructuring, creditors' rights, bankruptcy, fiduciary matters and financial transactions litigation. He has conducted numerous forensic and fraud investigations, and has worked in conjunction with the SEC, the Federal Bureau of Investigation and the United States Attorney's Office. Mr. Kapila is also a panel trustee for the United States Bankruptcy Court for the Southern District of Florida.

Mr. Kapila has agreed to reduce the rates of his professionals in this case to amounts not to exceed $395.00 per hour, resulting in a blended rate of $264.69. This represents a savings for the Receivership Estate in the approximate sum of $5,000.00. During the period covered by this Application, Kapila Mukamal billed 832.10 hours and seeks payment of fees in the sum of $207,897.40 and reimbursement of expenses in the sum of $3,207.76, for a total of $211,105.16.

    (d)    **Klasko Immigration Law Partners, LLP**

The attorneys of Klasko Immigration Law Partners, LLP ("Klasko") have national reputations for cutting-edge immigration law practice, including working with immigrant investors applying for permanent residence status through the EB-5 program. Their experience working on EB-5 immigrant investor cases includes both representation of pooled investment companies and representation of individual investors investing in pooled investment companies, approved regional centers and their own companies. They used this experience to assist the Receiver and the Investors in providing information to the United States Citizenship and Immigration Services ("USCIS") in support of the investors' I-829 petitions.

The Klasko attorneys bill at rates from $340.00 to $850.00, but have reduced partners' rates to $495.00, resulting in a blended rate of $388.61 per hour for this case. These discounts equate to a $5,000.00 reduction from Klasko's standard billing. During the period covered by

this Application, Klasko seeks payment in the sum of $15,738.84 for 40.50 hours and reimbursement of expenses in the sum of $605.34, for a total of $15,738.84.

### (e)   Strouse & Bond PLLC

David Bond of Strouse & Bond PLLC in Burlington, Vermont continued to provide legal advice to the Receiver regarding Vermont law as applied to contractual matters. Mr. Bond billed 1.2 hours and seeks payment of fees in the sum of $240.00.

## V.   Summary of Services Rendered During the Application Period

Summaries of the services rendered during the Application Period are provided below. More detailed information is included in the time records attached hereto as Exhibits 4(a) – (e).

### (a)   The Receiver and Akerman LLP

The Receiver and the Akerman professionals have separated their time into the activity categories provided in the Billing Instructions. Narrative summaries of these activity categories are provided below.

<u>Asset Analysis and Recovery</u>

Asset Analysis and Recovery consists of the identification and review of potential assets including causes of action and non-litigation recoveries.

- The Receiver and the Akerman professionals continued to confer with his accountants and analyze documents produced as a result of subpoenas *duces tecum* directed to financial institutions and third parties whom may be holding receivership assets in order to identify concealed or fraudulently transferred receivership assets and causes of action.

- The Akerman professionals continued to maintain and update the electronic database to store documents produced by financial institutions and recovered from the files of the Defendants.

- As a result of the information gathered by the Receiver, Akerman professionals responded to document requests from government agencies.

42934927;3
AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

- The Receiver continued to locate, maintain and preserve real and personal properties purchased by Quiros (with what the Receiver believes with investor funds) until such time as the Court determines the properties are assets of the Receivership Estate. To that end, the Receiver researched outstanding tax, mortgage, lease and maintenance obligations related to the properties. The Receiver conferred with the SEC and Quiros counsel in preparation of an Unopposed Motion to Modify Asset Freeze to Pay Certain Expenses on Real Property Owned or Controlled by Defendant Ariel Quiros for the Benefit of Investors. The Court approved the motion and a second motion seeking to pay the expenses incurred through August 2017 and the Receiver's staff has delivered the payments.

Asset Disposition

Asset Disposition relates to sales, leases, abandonment and related transaction work.

- The Receiver had previously negotiated *(i)* an agreement with the Burke Mountain Academy ("BMA") to reduce by $1 million, the $3 million loan owed to BMA, in exchange for expanding the Easement granted to BMA for its students and staff to continue to train on Burke Mountain; *(ii)* an operating agreement with respect to sharing certain revenue and expenses related to ski racing, the use of training lanes and other hotel amenities by third parties brought to the hotel by BMA; *(iii)* an amendment to the Easement; and *(iv)* an agreement with BMA's supporting organization, Burke Racing Inc. to replace the 62 year old "Poma" ski lift on Burke Mountain, install the ski lift and lease the lift back to the Burke Entities. The Receiver reviewed and revised the agreements and prepared a Motion for Authorization to Enter into Agreements with Burke Mountain Academy and Burke Racing, Inc., which was subsequently approved by the Court.

- The Court previously permitted Quiros to sell or mortgage his condominium located in New York City (the "Condominium") in order to use the proceeds of such transaction to pay his living expenses of $15,000 per month. Thereafter, on or about August 13, 2016, Quiros borrowed $1.5 million, payment of which was secured by a first mortgage on the Condominium. Concerned about the maturity date of August 12, 2017, the Receiver and the SEC negotiated with Quiros to turn over the Condominium to the Receiver. The Receiver prepared an Unopposed Motion to Pay off Setai Mortgage Loan by No Later than August 9, 2017. After the motion was approved by the Court, the Receiver paid off the mortgage and real property taxes. Akerman attorneys also prepared the closing documents for satisfaction of the mortgage and transfer of ownership of the Condominium.

- As part of the agreement to turn over the Condominium to the Receiver, Quiros also turned over certain properties located in Vermont, referred to as the Bogner and Newport properties. Akerman attorneys prepared the closing documents for transfer of ownership of the Bogner and Newport properties.

42934927;3

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

- At the time the Receiver was appointed, Phase VI (the "Stateside Project") was partially complete, but work had stopped and the investors who invested in the Stateside Project had little hope of obtaining their green cards. The Receiver has negotiated with the original contractor to resume construction (in a modified form) in order to provide the investors in the Stateside Project with the ability to qualify for citizenship. The Receiver prepared a Motion for Authorization to Enter into a Change Order to the Stateside Construction Contract and a Recreation Center Contract with DEW Construction Corp. and to Recommence Construction of the Stateside Project, which was approved by the Court.

- The Receiver and Akerman attorneys negotiated easements with telecommunication providers to locate a cell phone antennae at the Burke Mountain Hotel, in exchange for monthly rent payments.

Business Operations

Business Operations cover the issues related to operation of an ongoing business.

- The Receiver continues to work with Leisure Hotels & Resorts ("Leisure") to manage the operations of the Vermont-based hotels. The Receiver confers with the Leisure management team on a daily basis and reviews weekly and monthly reports prepared by the management team.

- The Receiver has worked on numerous operational issues, including preparing for and a attending tax abatement hearing; working with his accountants on possible restructuring of the Receivership Entities for tax purposes; addressing an employment claim relating to a workers compensation case; and analysis of sales and use tax issues.

Case Administration

Case Administration includes coordination and compliance activities, preparation of reports and responding to investor inquiries.

- The Receiver continues to communicate with government officials, creditors, contractors and interested parties. The Receiver continues to respond to inquiries, usually through e-mail and telephone calls. The Receiver returned to Vermont for meetings with creditors and government officials.

- The Receiver and Akerman attorneys analyzed pending EB-5 legislation to determine with the legislation addresses relief for defrauded investors. The Receiver and his public policy attorneys traveled to Washington D.C. and met with congressional staff to provide information on his experiences with EB-5 fraud.

- The Receiver and his staff continue to respond to inquiries from investors, creditors and other interested parties. The Receiver continues to maintain a toll-

- 12 -

free investor hotline, an email address for general inquiries, and a website to provide up to date information for investors and interested parties. The Receiver has posted copies of court filings, correspondence with investors and other pertinent information on the website. The Receiver has also prepared and posted numerous updates on his website, including letters to investors.

- The Receiver and his staff maintain receivership bank accounts and pay administrative expenses. The Receiver's staff has researched and opened new bank accounts for the purpose of segregating the proceeds of the RJ Settlement and distributing payment to investors, contractors and other creditors.

- The Receiver and Akerman work with immigration counsel to respond to inquiries from USCIS, and gathered information regarding job creation in support of the investors' citizenship petitions.

- The Receiver also worked with immigration counsel to identify opportunities for AnC Bio investors to redeploy their investment. The Receiver traveled to San Francisco for meetings with immigration lawyers and regional centers to discuss redeployment of ANC Bio investor funds.

- The Receiver researched and prepared Status Reports and other reporting requirements.

Claims Administration and Objections

Claims Administration and Objections relates to formulating, gaining approval of and administering claims procedure.

- The Receiver and staff reviewed and verified the claims of the subcontractors and suppliers who worked on construction of the Burke Hotel and drafted release and waiver of lien documents in preparation for payment of the full amount of the undisputed claims.

- The Receiver previously made a partial payment to the subcontractors and suppliers who worked on construction of the Stateside cottages. The staff prepared release and waiver of lien documents and coordinated final payment of their undisputed claims.

- The Receiver and staff worked with Leisure to verify the claims of trade creditors prior to payment of those claims.

Employee Benefits/Pensions

Employee Benefits/Pensions covers issues such as severance, retention, 401K coverage and continuance of pension plan.

42934927;3
AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

- In compliance with ERISA, Akerman attorneys who specialize in employee benefits researched and prepared documents describing eligibility in employee benefits, plan participation rules and length of coverage, commonly referred to as a "Wrap" plan, and also prepared a summary plan description ("SPD") and a cafeteria plan for the employees of the Receivership Entities.

Litigation/Contested Matters

- The Receiver continued to focus on the RJ Settlement. His staff continued to work on the extensive notice and publication requirements necessary for approval of the RJ Settlement and entry of a bar order in favor of Raymond James.  The Receiver reviewed objections to the settlement and conferred with his special counsel and the SEC.

- The Receiver and his attorneys analyzed filings in the case *Quiros v. Ironshore Indemnity, Inc.*, Case No. 16-25073 (the "Ironshore Case"), where Quiros sued his insurer to cover the costs of his legal defense. The Receiver analyzed the insurance claim, reviewed the policies and case law regarding coverage and ownership issues.  In order to protect the Receivership interest in the Ironshore policy, the Receiver researched and prepared a Motion to Intervene in the Ironshore Case, which was granted on July 19, 2017. The Receiver subsequently prepared for and attended mediation in the Ironshore Case.

- The Receiver reviewed the claims for payment of attorneys' fees made by Quiros' prior attorneys in the Receivership Case, including their Motion to Intervene in the Receivership Case.  When their Motion to Intervene was denied by the Court, Quiros' prior attorneys filed a Notice of Appeal. The Receiver's appellate counsel prepared court filings for appearing in the appellate case.  The Receiver analyzed the attorneys subsequent Motion to Modify Asset Freeze for Payment of Attorneys' Fees Based on Changed Circumstances. The Receiver's counsel researched relevant case law and prepared response in opposition to the motion.

- Akerman attorneys who specialize in construction defects litigation worked on the Receiver's claims related to defects in the construction of the duct socks in the water park.  Counsel worked with Vermont attorneys regarding causes of action available to the Receiver. Counsel reviewed remediation costs and prepared a mediation demand letter.

**(b)    Levine Kellogg Lehman Schneider and Grossman LLP**

- The LKLSG professionals reviewed and analyzed documents produced by various financial institutions, including Raymond James, JP Morgan Chase Bank, Desjardins Bank, Merrill Lynch, Citibank, and Wells Fargo and followed up regarding responses from other financial institutions. The LKLSG researched potential causes of action against financial institutions and worked with the forensic accountants to analyze financial transactions.

42934927;3

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

- The LKLSG professionals worked with the Receiver and the accountants to prepare responses to discovery served on the Receiver by Quiros and analyzed Quiros' responses to discovery served on him.

- The LKLSG professionals represented the Receiver in the Raymond James case. The LKLSG professionals worked with the Receiver in preparation of the RJ Settlement documents, including the terms of the Bar Order. The LKLSG professionals engages in numerous conferences with the Receiver and Raymond James' counsel regarding the RJ Settlement and potential objections to the RJ Settlement. In preparation for the hearing on the RJ Settlement, the LKLSG professionals researched case law regarding bar orders. The LKLSG professionals prepared for and attended the hearing on the RJ Settlement.

- The LKLSG attorneys monitored the filings in the receivership case and conferred with the Receiver regarding various filings.

- The LKLSG attorneys analyzed filings in the Ironshore Case. The LKLSG attorneys worked with the Receiver to prepare a complaint and mediation statement in the Ironshore Case and attended mediation with the Receiver.

**(c)     Kapila Mukamal**

Kapila Mukamal ("Kapila" or the "Accountants") separated their time into the activity categories provided in the Billing Instructions. Narrative summaries of these activity categories are provided below.

Tax Services

Tax Services include analysis of tax issues and preparation of tax returns.

- The Accountants analyzed and reviewed work prepared by the Receivership entities' prior accountants for use in preparation of current returns for Burke Mountain operating companies and subsidiaries, Jay Peak operating companies and subsidiaries and the partnership entities; discussed issues relating to preparation of tax returns and gathered needed data, including updating bank reconstructions for tax purposes.

- The Accountants reviewed business records in order to estimate taxable income for extensions of the deadline to file federal and state of Vermont tax returns.

- The Accountants addressed the Notices of Audit received from the IRS, conferred with IRS agents regarding the audit, and gathered the documents requested by the IRS. The Accountants also prepared responses to penalty notices received from the IRS for non-filing or late filing of certain tax returns prior to the Receiver's appointment.

42934927;3

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

- The Accountants researched and prepared a memorandum regarding the benefits of consolidating the Receivership Entities for tax purposes, and conferred with the attorneys and management professionals regarding tax restructuring.

- The Accountants analyzed tax issues for preparation of the 2015 and 2016 tax returns and analyzed historical tax filings and balance sheet accounts to determine changes in reporting.

Forensic Accounting/Litigation Support

Forensic Accounting comprises reconstructing books and records from past transactions, bringing accounting current, tracing and sourcing assets.

- The Accountants reviewed documents produced by financial institutions and extracted relevant bank statements and supporting documents in order to reconstruct records of transfers of funds. The Accountants prepared an inventory of the document production and compiled reports of additional information needed from financial institutions.

- The Accountants prepared income statement analysis for each Receivership Entity and a consolidated summary of bank records for each Receivership Entity.

- The Accountants developed summaries of operating accounts, cash infused into each partnership and assets purchased with investor funds; analyzed intercompany transfers and the flow of funds and commingling of funds between partnerships and among Receivership Defendants and Relief Defendants; and reconciled investor deposits.

- The Accountants reviewed and gathered records needed to respond to production of documents served on the Receiver.

- The Accountants reviewed credit card statements and set up a credit card statement inventory.

- The Accountants worked with litigation counsel to prepare schedules of disbursements to third parties for potential causes of action.

**(d)      Klasko Immigration Law Partners, LLP**

- The Klasko professionals continued to work with the Receiver, the accountants and economists to gather and analyze information needed by the investors for preparation of their I-829 Petitions and respond to inquiries from the United States Citizenship and Immigration Service ("USCIS"). The Klasko professionals prepared and updated templates for the I-829 Petitions.

- The Klasko professionals researched and responded to investor inquiries.

42934927;3
AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

- The Klasko professionals conferred with the Receiver regarding redeployment options for the ANC Bio investors and researched and prepared memorandum for the Receiver regarding the criteria for redeployment.

- The Klasko professionals advised the Receiver regarding various EB-5 issues including changes to the USCIS Policy Manual and conferred with the Receiver regarding EB-5 legislation.

(e)     **Strouse & Bond PLLC**

- David Bond reviewed contractual provisions for the Receiver, focusing on Vermont law.

## VI.     Memorandum of Law

The Receiver and his professionals are entitled to reasonable compensation and expenses, pursuant to the Receivership Order. Receivership courts have traditionally determined reasonableness by utilizing the familiar lodestar approach, calculating a reasonable hourly rate in the relevant market and the reasonable number of hours expended. *See, e.g., S.E.C. v. Aquacell Batteries, Inc.*, No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, *3 (M.D. Fla. Jan 31, 2008); *see also Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).[5] The hourly rates billed by the Receiver and his professionals are reasonable for professionals practicing in the Southern District of Florida. The Receiver has reduced his standard rate by $300.00 per hour and the rates of the Akerman professionals by $215.00 to $50.00 (depending on the individual's standard rate). All LKLSG professionals have also reduced their rates by $350.00 to $100.00. These are the same hourly rates already approved by the Court in prior fee applications. Moreover, these reductions have resulted in a substantial savings to the receivership estate, including $365,000 during the Application Period.

---

[5] The law in this circuit for assessing the reasonableness of fees is set out in *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292. (11th Cir. 1988). According to *Norman*, the starting point in determining an objective estimate of the value of professional services is to calculate the "lodestar" amount, by multiplying a reasonable hourly rate by the number of hours reasonably expended. Id. at 1299 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

"In general, a reasonable fee is based on all circumstances surrounding the receivership." *SEC v. W. L. Moody & Co., Bankers*, 374 F. Supp. 465, 480 (S.D. Tex. 1974), *aff'd*, 519 F.2d 1087 (5th Cir. 1975); ("[T]he court may consider all of the factors involved in a particular receivership in determining an appropriate fee." *Gaskill v. Gordon*, 27 F.3d 248, 253 (7th Cir. 1994). "In determining the amount of their compensation, due consideration should be given to the amount realized, as well as the labor and skill needed or expended, and other circumstances having a bearing on the question of the value of the services." *Sec. & Exch. Comm'n v. Striker Petroleum, LLC* (N.D. Tex., 2012) citing *City of New Orleans v. Malone*, 12 F.2d 17, 19 (5th Cir. 1926). Part of "determining the nature and extent of the services rendered," however, includes an analysis as to the reasonableness of the services rendered, bearing in mind the nature of a receivership. As the Supreme Court has noted:

> The receiver is an officer of the court, and subject to its directions and orders . . . . [H]e is . . . permitted to obtain counsel for himself, and counsel fees are considered as within the just allowances that may be made by the court. . . . So far as the allowances to counsel are concerned, it is a mere question as to their reasonableness. The compensation is usually determined according to the circumstances of the particular case, and corresponds with the degree of responsibility and business ability required in the management of the affairs intrusted to him, and the perplexity and difficulty involved in that management.

*Stuart v. Boulware*, 133 U.S. 78, 81-82 (1890).

One year into the receivership, the Receiver continues to oversee the operations of the two ski resorts and related amenities. The Receiver has used his business judgment to develop plans to enhance the operations of the Receivership Entities prior to their sale in order to enhance the value of the receivership assets and provide proof of job creation for the benefit of the investors. The Receiver has worked cooperatively with Vermont government officials, various creditors, counsel and the SEC, with the cooperative goal to create jobs, provide opportunities

42934927;3

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

for investors to obtain citizenship and to pay the claims of creditors.  Moreover, the Receiver has helped negotiate a $150 million settlement which will fund these objectives.

In addition to fees, the receiver is "also entitled to be reimbursed for the actual and necessary expenses" that the receiver "incurred in the performance of [its] duties." *Fed. Trade Comm'n v. Direct Benefits Grp., LLC*, No. 6:11-cv-1186-Orl-28TBS, 2013 WL 6408379, at *3 (M.D. Fla. Dec. 6, 2013). The Receiver and his professionals support their claims for reimbursement of expenses with "sufficient information for the Court to determine that the expenses are actual and necessary costs of preserving the estate." *Sec. & Exch. Comm'n v. Kirkland*, No. 6:06-cv-183-Orl-28KRS, 2007 WL 470417, at *2 (M.D. Fla. Feb. 13, 2007) (citing *In re Se. Banking Corp.*, 314 B.R. 250, 271 (Bankr. S.D. Fla. 2004)).

A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred. *See SEC v. Byers*, 590 F.Supp.2d 637, 644 (S.D.N.Y. 2008); *see also SEC v. Elliott*, 953 F.2d 1560 (11th Cir. 1992) ("[I]f a receiver reasonably and diligently discharges his duties, he is entitled to compensation."). As more fully described herein and supported by the time records, the Receiver and his professionals have reasonably and diligently discharged their duties, and provided a benefit to the receivership estate, the investors and creditors.

**WHEREFORE**, the Receiver seeks entry of an Order granting this motion and awarding the Receiver and his professionals their interim fees, reimbursement of costs, and for such other relief that is just and proper.

## LOCAL RULE CERTIFICATION

Pursuant to Local Rule 7.3, the Receiver hereby certifies that he has conferred with counsel for the SEC, the plaintiff in this case, who has no objection to the Application.  A

- 19 -

hearing is requested only in the event that someone files an objection thereto.

Respectfully submitted,

**AKERMAN LLP**
350 E. Las Olas Boulevard
Suite 1600
Ft. Lauderdale, Florida 33301
Telephone: (954) 46-2700
Facsimile:  (954) 463-2224

By: */s/* Michael I. Goldberg
       Michael I. Goldberg, Esq.
       Florida Bar No.: 886602
       Email:  michael.goldberg@akerman.com
       *Court-Appointed Receiver*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this October 12, 2017 via the Court's notice of electronic filing on all CM/ECF registered users entitled to notice in this case as indicated on the attached Service List.

By: */s/* Michael I. Goldberg
       Michael I. Goldberg, Esq.

42934927;3
AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

## SERVICE LIST

**1:16-cv-21301-DPG Notice will be electronically mailed via CM/ECF to the following:**

**Robert K. Levenson, Esq.**
Senior Trial Counsel
Florida Bar No. 0089771
Direct Dial: (305) 982-6341
Email: levensonr@sec.gov
almontei@sec.gov, gonzalezlm@sec.gov,
jacqmeinv@sec.gov
**Christopher E. Martin, Esq.**
Senior Trial Counsel
SD Florida Bar No.: A5500747
Direct Dial: (305) 982-6386
Email: martinc@sec.gov
almontei@sec.gov, benitez-perelladaj@sec.gov
**SECURITIES AND EXCHANGE
COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile:  (305) 536-4154
*Attorneys for Plaintiff*

**Roberto Martinez, Esq.**
Email: bob@colson.com
**Stephanie A. Casey, Esq.**
Email: scasey@colson.com
**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile:  (305) 476-7444
*Attorneys for William Stenger*

**Jeffrey C.  Schneider, Esq.**
Email: jcs@lklsg.com
**LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN**
Miami Center, 22nd Floor
201 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 403-8788
*Co-Counsel for Receiver*

**Jonathan S. Robbins, Esq.**
jonathan.robbins@akerman.com
**AKERMAN LLP**
350 E. Las Olas Blvd., Suite 1600
Ft. Lauderdale, Florida 33301
Telephone:  (954) 463-2700
Facsimile:  (954) 463-2224

**Naim Surgeon, Esq.**
naim.surgeon@akerman.com
**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida  33131
Telephone: (305) 374-5600
Facsimile:  (305) 349-4654
*Attorney for Court-Appointed Receiver*

**David B. Gordon, Esq.**
Email: dbg@msk.com
**MITCHELL SILBERBERG & KNOPP, LLP**
12 East 49th Street – 30th Floor
New York, New York 10017
Telephone: (212) 509-3900
*Co-Counsel for Ariel Quiros*

**Jean Pierre Nogues, Esq.**
Email:  jpn@msk.com
**Mark T. Hiraide, Esq.**
Email: mth@msk.com
**MITCHELL SILBERBERG & KNOPP, LLP**
11377 West Olympic Blvd.
Los Angeles, CA 90064-1683
Telephone (310) 312-2000
*Co-Counsel for Ariel Quiros*

42934927;3
AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Mark P. Schnapp, Esq.
Email: schnapp@gtlaw.com
Mark D. Bloom, Esq.
Email: bloomm@gtlaw.com
Danielle N. Garno, Esq.
E-Mail: garnod@gtlaw.com
GREENBERG TRAURIG, P.A.
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
*Attorney for Intervenor, Citibank N.A.*

J. Ben Vitale, Esq.
Email: bvitale@gurleyvitale.com
David E. Gurley, Esq.
Email: dgurley@gurleyvitale.com
GURLEY VITALE
601 S. Osprey Avenue
Sarasota, Florida 32436
Telephone: (941) 365-4501
*Attorney for Blanc & Bailey Construction, Inc.*

Stanley Howard Wakshlag, Esq.
Email: swkshlag@knpa.com
KENNY NACHWALTER, P.A.
Four Seasons Tower
1441 Brickell Avenue
Suite 1100
Miami, FL 33131-4327
Telephone: (305) 373-1000
*Attorneys for Raymond James & Associates
Inc.*

Melissa Damian Visconti, Esquire
Email: mdamian@dvllp.com
DAMIAN & VALORI LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305-371-3960
Facsimile: 305-371-3965
*Co-Counsel for Ariel Quiros*