UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-21301-GAYLES

SECURITIES AND EXCHANGE COMMISSION,

                    **Plaintiff,**

v.

ARIEL QUIROS, et al.,

                    **Defendants, and**

JAY CONSTRUCTION MANAGEMENT, INC., et al.,

                    **Relief Defendants.**

_____/

## FINAL JUDGMENT AGAINST DEFENDANT ARIEL QUIROS

This cause comes before the Court upon the Motion by Plaintiff Securities and Exchange Commission for Entry of a Final Judgment against Defendant Ariel Quiros ("Final Judgment"). By the Consent attached hereto, and without admitting or denying the allegations of the Amended Complaint (except that Quiros admits the jurisdiction of this Court over him and over the subject matter of this action and as otherwise set forth in Section III), Quiros has entered a general appearance, agreed to entry of this Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment. The Court finds that good cause exists for entry of the Final Judgment. Accordingly, the Commission's Motion is **GRANTED**. The Court further orders as follows:

### I.

### DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS ORDERED AND ADJUDGED** that Quiros is liable to the Commission for disgorgement of $81,344,166, representing profits gained as a result of the conduct alleged in the

Amended Complaint, together with prejudgment interest on disgorgement in the amount of $2,515,798, and a civil penalty in the amount of $1,000,000, for a total of $83,859,964.

**IT IS FURTHER ORDERED AND ADJUDGED** that Quiros shall satisfy the disgorgement, prejudgment interest, and civil penalty payments due to the Commission within 30 days of entry of this Final Judgment by disgorging the following assets to the Court-appointed Receiver:

| Real Property | Address/Description |
|---|---|
| Quiros entire interest in Jay Peak Resort | 830 Jay Peak Road, Jay, Vermont |
| Burke Mountain Resort | Q-Burke Mountain, Burke, Vermont |
| Quiros Land 199 Acres | Cross Rd. Revoir Flats Rd., Jay, Vermont |
| Cross Road 4 Acres | Cross Rd. Revoir Flats Rd., Jay, Vermont |
| River Bank 15 Acres | Revoir Flats Rd. Rte. 105, Jay, Vermont |
| Jay Ranches | 261 Revoir Flats Rd. TH4, Jay, Vermont |
| Bogner Property | 172 Bogner Drive, Newport, Vermont |
| White House | 986 Lake Road, Newport, Vermont |
| Setai Condominium | 400 5th Avenue, New York, New York |
| Jay Peak Resort Unit V417 A/B | Jay Peak Resort VC 417, Bldg. 11, Jay, Vt. |
| Bella Vista | Cross Road TH 1, Troy, Vermont |
| Cross Road J | Cross Road J, Jay, Vermont |
| Trump Place Condominium | 220 Riverside Drive, New York, New York |
| Renaissance Property | Downtown Newport, Vermont |
| Heavens Bench | 2266 Darling Hill Road, Burke, Vermont |
| Village Land | 1645 Cross Road, Troy, Vermont |

| Bank Accounts (The amount listed below in each account) | |
|---|---|
| Citibank Account ending in 2336 | $     286 |
| Citibank Account ending in 3359 | $ 41,958 |
| Citibank Account ending in 3362 | $ 60,125 |
| Citibank Account ending in 3375 | $   5,373 |
| Citibank Account ending in 7382 | $   9,000 |
| Citibank Account ending in 6412 | $   1,807 |
| Citibank Account ending in 5662 | $ 14,224 |
| Citibank Account ending in 7081 | $   5,000 |

| Funds Held By The Receiver In Trust | |
|---|---|
| Tax Refund Check held by Receiver | $168,801 |
| Funds From Davivienda Int'l | $110,000 |

Quiros shall in good faith and expeditiously execute all documents and take any other

necessary steps to effectuate the turnover of the aforementioned real property and other assets. Quiros agrees that once he turns over the aforementioned property and assets he relinquishes all legal and equitable right, title and interest in the property and assets ("Funds"), and no part of the Funds shall be returned to him.

The Commission along with the Receiver may propose a plan to distribute the Funds subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Funds.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through any other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.  Quiros shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Commission and the Court have based their decision on what Funds Quiros is turning over in satisfaction of his disgorgement, prejudgment interest, and civil penalty liability to the Commission on Quiros' sworn representations in his Responses to the Commission's First Set of Interrogatories setting forth all of his assets.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Quiros' representations to the Commission about his assets in the Responses to the Commission's First Set of Interrogatories concerning his assets were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion, and without prior notice to Quiros, petition the Court for an order requiring Quiros to turn over any undisclosed assets to the Commission in further satisfaction of his disgorgement, prejudgment interest, or civil penalty liability.  In connection with any such petition, the only issues shall be whether the financial information Quiros provided was

3

fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time Quiros made such representations.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Quiros to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Quiros may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Amended Complaint filed by the Commission; (3) contest the amount of disgorgement, pre-judgment interest, or civil penalty; or (4) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

**II.**

**ASSET FREEZE**

**IT IS FURTHER ORDERED AND ADJUDGED** that, upon receipt of confirmation from the Commission and the Receiver that Quiros has satisfied his obligations under Section I of this Final Judgment, the Asset Freeze this Court previously entered against Quiros (DE 11, 238) shall be lifted and extinguished in its entirety.

**III.**

**BANKRUPTCY NONDISCHARGEABILITY**

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Amended Complaint are true and admitted by Quiros, and further, any debt for disgorgement, prejudgment interest, or civil penalty or other amounts due by Quiros under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Quiros of the federal

4

securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## IV.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Quiros shall comply with all of the undertakings and agreements set forth therein.

## V.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter, the previous Judgment of Permanent Injunction and Other Relief entered against Quiros (DE 398), and Quiros in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## VI.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of February, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 16-CV-21301-GAYLES

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

v.

ARIEL QUIROS, et al.,

                    Defendants, and

JAY CONSTRUCTION MANAGEMENT, INC., et al.,

                    Relief Defendants.

_____/

### <u>CONSENT OF DEFENDANT ARIEL QUIROS TO FINAL JUDGMENT</u>

Defendant Ariel Quiros acknowledges having been served with the Summons and the Amended Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

Without admitting or denying the allegations of the Amended Complaint (except as provided in Paragraph 13 herein and except as to personal and subject matter jurisdiction, which Quiros admits), Quiros hereby consents to entry of the Final Judgment in the form attached hereto and incorporated by reference herein, which, among other things:

(a) orders Quiros to pay to the Securities and Exchange Commission disgorgement in the amount of $81,344,166, prejudgment interest on disgorgement in the amount of $2,515,798, and a civil penalty in the amount of $1,000,000; and

(b) deems payment of the disgorgement, prejudgment interest on disgorgement, and civil penalty to the Commission satisfied by Quiros turning over the real property and other assets to the Court-appointed Receiver as set forth in the Final Judgment.

1



EXHIBIT

A



3.      Quiros acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Quiros agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Quiros' payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Quiros' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Quiros agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Quiros by or on behalf of one or more investors based on substantially the same facts as alleged in the Amended Complaint in this action.

4.      Quiros agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts he may be required to pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Quiros further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard

2

to any federal, state, or local tax for any penalty amounts that Quiros pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.     Quiros enters into this Consent voluntarily after consulting with undersigned counsel, and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Quiros or anyone acting on his behalf to enter into this Consent.

6.     Quiros agrees this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.     Quiros waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

8.     Quiros agrees the Commission may present the attached proposed Final Judgment to the Court for signature and entry, and further agrees the Court shall retain jurisdiction over him and over the subject matter of this action.

9.     Quiros waives any right he may have to appeal from the entry of the Final Judgment.

10.    Quiros waives service of the Final Judgment once entered, and agrees the entry of the Final Judgment by the Court and filing with the Clerk in the Southern District of Florida will constitute notice to him of the terms and conditions of the Final Judgment.  Quiros further agrees to provide counsel for the Commission, within 30 days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that he has received and read a copy of the Final Judgment.

11.    Quiros agrees he will not oppose the enforcement of the Final Judgment on the

3

grounds, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

12.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Quiros in this civil proceeding. Quiros acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Quiros waives any claim of Double Jeopardy based on the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Quiros further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Quiros understands that he shall not be permitted to contest the factual allegations of the Amended Complaint in this action.

13.    Quiros understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provide in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the



allegations." As part of Quiros' agreement to comply with the terms of Section 202.5(e), Quiros: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Amended Complaint or creating the impression that the Amended Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Quiros does not admit the allegations of the Amended Complaint, or that this Consent contains no admission of the allegations, without also stating that Quiros does not deny the allegations; (iii) upon the filing of this Consent, Quiros hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Amended Complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Amended Complaint are true, and further, that any debt for civil penalty or other amounts due by Quiros under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Quiros of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a) (19). If Quiros breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Quiros': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.     Quiros hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her



official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Quiros to defend against this action. For these purposes, Quiros agrees he is not the prevailing party in this action since the parties have reached a good faith settlement.

15.     Quiros agrees that he shall in good faith and expeditiously execute all documents and take any other necessary steps to effectuate the turnover of the aforementioned real property and other assets. Quiros further agrees that once he turns over the aforementioned property and assets he relinquishes all legal and equitable right, title and interest in the property and assets ("Funds"), and no part of the Funds shall be returned to him.

16.     Quiros acknowledges that the Commission and the Court have based their decision on what Funds Quiros is turning over in satisfaction of his disgorgement, prejudgment interest, and civil penalty liability to the Commission on Quiros' sworn representations in his Responses to the Commission's First Set of Interrogatories setting forth all of his assets. Quiros further agrees that if at any time following the entry of this Final Judgment the Commission obtains information indicating that Quiros' representations to the Commission about his assets in the Responses to the Commission's First Set of Interrogatories concerning his assets were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion, and without prior notice to Quiros, petition the Court for an order requiring Quiros to turn over any undisclosed assets to the Commission in further satisfaction of his disgorgement, prejudgment interest, or civil penalty liability. In connection with any such petition, the only issues shall be whether the financial information Quiros provided was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time Quiros made such representations. In its petition, the Commission may move the Court to consider all available remedies, including, but not limited to, ordering



Quiros to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Quiros agrees that he may not, by way of defense to such petition: (1) challenged the validity of the Consent or this Final Judgment; (2) contest the allegations in the Amended Complaint filed by the Commission; (3) contest the amount of disgorgement, pre-judgment interest, or civil penalty; or (4) asset any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

_____
Ariel Quiros

STATE OF FLORIDA               )
                               )
COUNTY OF MIAMI-DADE           )

On this 15ᵗʰ day of _November_ 2017, before me personally appeared Ariel Quiros, who _____ is personally known to me, or _✓_ who produced _Florida Drivers License_ bearing his name and photograph as identification, and who executed this Consent, and acknowledged to me that he executed the same.

_____          _March 2, 2019_
Notary Public                             Commission Expires

EVA S. CRUZ-DIAZ
Notary Public - State of New York
No. 01CR6158433
Qualified in New York County
My Commission Expires March 2, 20 9

APPROVED AS TO FORM:

_____
Melissa Visconti, Esq.
Damian & Valori LLP
1020 Brickell Avenue, Suite 1020
Miami, FL 33131
Telephone: (305) 371-3960
E-mail: mvisconti@dvllp.com
Counsel for Defendant Ariel Quiros

7