UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-21301-GAYLES

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

v.

ARIEL QUIROS, et al.,

          Defendants, and

JAY CONSTRUCTION MANAGEMENT, INC., et al.,

          Relief Defendants.
_____/

## FINAL JUDGMENT AGAINST DEFENDANT WILLIAM STENGER

This cause comes before the Court upon the Motion by Plaintiff Securities and Exchange Commission for Entry of a Final Judgment against Defendant William Stenger and to Establish a Fair Fund for the Benefit of Investors Pursuant to Section 308 of the Sarbanes-Oxley Act ("Motion") [ECF No. 447]  By the Consent attached hereto, and without admitting or denying the allegations of the Amended Complaint (except that Stenger admits the jurisdiction of this Court over him and over the subject matter of this action and as otherwise set forth in Section II), Stenger has entered a general appearance, agreed to entry of this Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment. The Court finds that good cause exists for entry of the Final Judgment. Accordingly, the Commission's Motion is **GRANTED**. The Court further orders as follows:

I.

## CIVIL PENALTY

**IT IS ORDERED AND ADJUDGED** that Stenger shall pay a civil money penalty to the

1

Commission of $75,000. Stenger shall satisfy this obligation by paying $75,000 according to the following schedule: (1) $25,000 within 14 days of entry of this Final Judgment; (2) $25,000 within six months of entry of this Final Judgment; and (3) $25,000 plus any unpaid post-judgment interest amounts within one year of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days after entry of this Final Judgment. Prior to making the final payment set forth herein, Stenger shall contact the staff of the Commission for the amount due for the final payment.

If Stenger fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

Stenger may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commission website at http://www.sec.gov/about/offices/ofm.htm. Stenger may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
HQ Building Room 181, AMZ-341
Oklahoma City, OK  73169

and shall be accompanied by a letter identifying the case title, civil action number, name of this

Court, and Stenger's name as a defendant in this action, and specifying that payment is made pursuant to this Final Judgment.

Stenger shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Robert K. Levenson, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL, 33131. By making these payments, Stenger relinquishes all legal and equitable rights, title, and interest in such funds and no part of the funds shall be returned to Stenger.

The Court grants the portion of the Motion seeking the establishment of a Fair Fund pursuant to Section 308 of the Sarbanes-Oxley Act. The Court orders the $75,000 penalty Stenger is paying distributed to the Court-appointed Receiver, Michael I. Goldberg, Esq., who shall add it to the disgorgement, prejudgment interest, and civil penalty being paid by co-Defendant Ariel Quiros to comprise a Fair Fund. The Receiver shall use the Fair Fund for the benefit of injured investors. The Court shall retain jurisdiction over the administration of any distribution of the Fair Fund.

The amount ordered to be paid as a civil penalty pursuant to this Final Judgment shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the penalty, Stenger shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action due to his payment of a penalty in this case, benefit from such offset or reduction of such compensatory damages award ("Penalty Offset"). If the Court in any Related Investor Action grants such a Penalty Offset, Stenger shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the Fair Fund. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to

change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Stenger by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## II.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Amended Complaint are true and admitted by Stenger, and further, any debt for a civil penalty or other amounts due by Stenger under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Stenger of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## III.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Stenger shall comply with all of the undertakings and agreements set forth therein.

## IV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter, the previous Judgment of Permanent Injunction and Other Relief entered against Stenger (DE 215), and Stenger, in order to implement and carry out the terms of

all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## VI.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of February, 2018.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-21301-GAYLES

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

ARIEL QUIROS, et al.,

        Defendants, and

JAY CONSTRUCTION MANAGEMENT, INC., et al.,

        Relief Defendants.

_____/

## CONSENT OF DEFENDANT WILLIAM STENGER TO FINAL JUDGMENT

1.    Defendant William Stenger acknowledges having been served with the Summons and the Amended Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2.    Without admitting or denying the allegations of the Amended Complaint (except as provided in Paragraph 12 herein and except as to personal and subject matter jurisdiction, which Stenger admits), Stenger hereby consents to entry of the Final Judgment in the form attached hereto and incorporated by reference herein, which, among other things orders Stenger to pay a civil money penalty of $75,000.

3.    Stenger agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts he may be required to pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Stenger

- 1 -

EXHIBIT B

further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Stenger pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Stenger enters into this Consent voluntarily after consulting with undersigned counsel, and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Stenger or anyone acting on his behalf to enter into this Consent.

5. Stenger agrees this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

6. Stenger waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7. Stenger agrees the Commission may present the attached proposed Final Judgment to the Court for signature and entry, and further agrees the Court shall retain jurisdiction over him and over the subject matter of this action.

8. Stenger waives any right he may have to appeal from the entry of the Final Judgment.

9. Stenger waives service of the Final Judgment once entered, and agrees the entry of the Final Judgment by the Court and filing with the Clerk in the Southern District of Florida will constitute notice to him of the terms and conditions of the Final Judgment. Stenger further agrees to provide counsel for the Commission, within 30 days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that he has received and read a copy of the Final Judgment.

Amended Complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Amended Complaint are true, and further, that any debt for civil penalty or other amounts due by Stenger under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Stenger of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a) (19). If Stenger breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Stenger's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Stenger hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Stenger to defend against this action. For these purposes, Stenger agrees he is not the prevailing party in this action since the parties have reached a good faith settlement.

_____
William Stenger

STATE OF VERMONT )
)
COUNTY OF Caledonia )

On this 18th day of December 2017, before me personally appeared William Stenger, who ✓ is personally known to me, or ____ who produced _____ bearing his name and photograph as identification, and who executed this Consent, and acknowledged to me that he executed the same.

_____       2-10-2019
Notary Public                                             Commission Expires

APPROVED AS TO FORM:

_____
David Cleary, Esq.
Cleary Shahi & Aicher, PC
110 Merchants Row
Rutland, VT 05701
Telephone: (802) 775-8800
E-mail: dlc2@clearyshahi.com
Counsel for Defendant William Stenger