**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-CV-21301-GAYLES**

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.**

**ARIEL QUIROS, et al.,**

**Defendants, and**

**JAY CONSTRUCTION MANAGEMENT, INC., et al.,**

**Relief Defendants.**

_____ /

**AMENDED FINAL JUDGMENT AGAINST DEFENDANT ARIEL QUIROS**

This cause comes before the Court upon the Motion by Plaintiff Securities and Exchange Commission for Entry of an Amended Final Judgment against Defendant Ariel Quiros ("Amended Final Judgment"). By the Consent attached hereto, and without admitting or denying the allegations of the Amended Complaint (except that Quiros admits the jurisdiction of this Court over him and over the subject matter of this action and as otherwise set forth in Section III), Quiros has entered a general appearance, agreed to entry of this Amended Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Amended Final Judgment. The Court finds that good cause exists for entry of the Amended Final Judgment. Accordingly, the Commission's Motion is **GRANTED**. The Court further orders as follows:

**I.**

**DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY**

**IT IS ORDERED AND ADJUDGED** that Quiros is liable to the Commission for

disgorgement of $81,344,166, representing profits gained as a result of the conduct alleged in the

Amended Complaint, together with prejudgment interest on disgorgement in the amount of

$2,515,798, and a civil penalty in the amount of $1,000,000, for a total of $84,859,964.

**IT IS FURTHER ORDERED AND ADJUDGED** that Quiros shall satisfy the

disgorgement, prejudgment interest, and civil penalty payments due to the Commission within 30

days of entry of this Amended Final Judgment by disgorging the following assets to the Court-

appointed Receiver:

| Real Property | Address/Description |
|---|---|
| Quiros entire interest in Jay Peak Resort | 830 Jay Peak Road, Jay, Vermont |
| Burke Mountain Resort | Q-Burke Mountain, Burke, Vermont |
| Quiros Land 199 Acres | Cross Rd. Revoir Flats Rd., Jay, Vermont |
| Cross Road 4 Acres | Cross Rd. Revoir Flats Rd., Jay, Vermont |
| River Bank 15 Acres | Revoir Flats Rd. Rte. 105, Jay, Vermont |
| Jay Ranches | 261 Revoir Flats Rd. TH4, Jay, Vermont |
| Bogner Property | 172 Bogner Drive, Newport, Vermont |
| White House | 986 Lake Road, Newport, Vermont |
| Setai Condominium | 400 5th Avenue, New York, New York |
| Jay Peak Resort Unit V417 A/B | Jay Peak Resort VC 417, Bldg. 11, Jay, Vt. |
| Bella Vista | Cross Road TH 1, Troy, Vermont |
| Cross Road J | Cross Road J, Jay, Vermont |
| Trump Place Condominium | 220 Riverside Drive, New York, New York |
| Renaissance Property | Downtown Newport, Vermont |
| Heavens Bench | 2266 Darling Hill Road, Burke, Vermont |
| Q Aviation Airplane Hanger | 2628 Airport Road, Coventry, Vermont |

| Bank Accounts (The amount listed below in each account) | |
|---|---|
| Citibank Account ending in 2336 | $      286 |
| Citibank Account ending in 3359 | $  41,958 |
| Citibank Account ending in 3362 | $  60,125 |
| Citibank Account ending in 3375 | $    5,373 |
| Citibank Account ending in 7382 | $    9,000 |
| Citibank Account ending in 6412 | $    1,807 |
| Citibank Account ending in 5662 | $  14,224 |
| Citibank Account ending in 7081 | $    5,000 |

| Funds Held By The Receiver In Trust | |
|---|---|
| Tax Refund Check held by Receiver | $168,801 |
| Funds From Davivienda Int'l | $110,000 |

Quiros shall in good faith and expeditiously execute all documents and take any other necessary steps to effectuate the turnover of the aforementioned real property and other assets. Quiros agrees that once he turns over the aforementioned property and assets he relinquishes all legal and equitable right, title and interest in the property and assets ("Funds"), and no part of the Funds shall be returned to him.

The Commission along with the Receiver may propose a plan to distribute the Funds subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Funds.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through any other collection procedures authorized by law) at any time after 30 days following entry of this Amended Final Judgment. Quiros shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Commission and the Court have based their decision on what Funds Quiros is turning over in satisfaction of his disgorgement, prejudgment interest, and civil penalty liability to the Commission on Quiros' sworn representations in his Responses to the Commission's First Set of Interrogatories setting forth all of his assets. If at any time following the entry of this Amended Final Judgment the Commission obtains information indicating that Quiros' representations to the Commission about his assets in the Responses to the Commission's First Set of Interrogatories concerning his assets were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion, and without prior notice to Quiros, petition the Court for an order requiring Quiros to turn over any undisclosed assets to the Commission in further satisfaction of his disgorgement, prejudgment interest, or civil penalty liability. In connection

with any such petition, the only issues shall be whether the financial information Quiros provided was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time Quiros made such representations.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Quiros to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Amended Final Judgment.  The Commission may also request additional discovery.  Quiros may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Amended Final Judgment; (2) contest the allegations in the Amended Complaint filed by the Commission; (3) contest the amount of disgorgement, pre-judgment interest, or civil penalty; or (4) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## II.

## ASSET FREEZE

**IT IS FURTHER ORDERED AND ADJUDGED** that, upon receipt of confirmation from the Commission and the Receiver that Quiros has satisfied his obligations under Section I of this Amended Final Judgment, the Asset Freeze this Court previously entered against Quiros (DE 11, 238 and as modified by DE 458) shall be lifted and extinguished in its entirety.

## III.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Amended Complaint are true and admitted by Quiros, and further, any debt for disgorgement, prejudgment interest, or civil penalty or other amounts due by Quiros under this Amended Final Judgment or any other judgment, order, consent order, decree, or settlement

agreement entered in connection with this proceeding, is a debt for the violation by Quiros of the

federal securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## IV.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated

herein with the same force and effect as if fully set forth herein, and that Quiros shall comply

with all of the undertakings and agreements set forth therein.

## V.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain

jurisdiction over this matter, the previous Judgment of Permanent Injunction and Other Relief

entered against Quiros (DE 398), and Quiros in order to implement and carry out the terms of all

Orders and Decrees that may be entered and/or to entertain any suitable application or motion for

additional relief within the jurisdiction of this Court, and will order other relief that this Court

deems appropriate under the circumstances.

## VI.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Amended Final Judgment forthwith and without further notice.

       **DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of May, 2018.

                                   DARRIN P. GAYLES
                                   UNITED STATES DISTRICT JUDGE