UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-21301-GAYLES

SECURITIES AND EXCHANGE COMMISSION,

 Plaintiff,

v.

ARIEL QUIROS,
WILLIAM STENGER,
JAY PEAK, INC.,
Q RESORTS, INC.,
JAY PEAK HOTEL SUITES L.P.,
JAY PEAK HOTEL SUITES PHASE II. L.P.,
JAY PEAK MANAGEMENT, INC.,
JAY PEAK PENTHOUSE SUITES, L.P.,
JAY PEAK GP SERVICES, INC.,
JAY PEAK GOLF AND MOUNTAIN SUITES L.P.,
JAY PEAK GP SERVICES GOLF, INC.,
JAY PEAK LODGE AND TOWNHOUSES L.P.,
JAY PEAK GP SERVICES LODGE, INC.,
JAY PEAK HOTEL SUITES STATESIDE L.P.,
JAY PEAK GP SERVICES STATESIDE, INC.,
JAY PEAK BIOMEDICAL RESEARCH PARK L.P.,
AnC BIO VERMONT GP SERVICES, LLC,

 Defendants, and

JAY CONSTRUCTION MANAGEMENT, INC.,
GSI OF DADE COUNTY, INC.,
NORTH EAST CONTRACT SERVICES, INC.,
Q BURKE MOUNTAIN RESORT, LLC,

 Relief Defendants.

Q BURKE MOUNTAIN RESORT, HOTEL
AND CONFERENCE CENTER, L.P.
Q BURKE MOUNTAIN RESORT GP SERVICES, LLC,

 Additional Receivership Defendants[1]
_____/

---

[1] *See* Order Granting Receiver's Motion to Expand Receivership dated April 22, 2016 [ECF No.: 60].

**ORDER (I) PRELIMINARILY APPROVING SETTLEMENT
BETWEEN RECEIVER AND ARIEL QUIROS (II) APPROVING FORM AND
CONTENT OF NOTICE, AND MANNER AND METHOD OF SERVICE
AND PUBLICATION; (III) SETTING DEADLINE TO OBJECT TO APPROVAL OF
SETTLEMENT AND ENTRY OF BAR ORDER; AND (IV) SCHEDULING A HEARING**

**THIS MATTER** came before the Court upon the Motion for (i) Approval of Settlement between the Receiver and Ariel Quiros; (ii) Entry Of Bar Order; (iii) Approval of Form, Content and Manner of Notice of Settlement and Bar Order and Incorporated Memorandum of Law [ECF No. 501] (the "Motion") filed by Michael I. Goldberg, as the Court-appointed receiver (the "Receiver") of the entities set forth on Exhibit A to this Order (the "Receivership Entities") in the above-captioned civil enforcement action (the "SEC Action"). The Motion concerns the Receiver's request for approval of the proposed settlement with Ariel Quiros set forth in the Settlement Agreement (the "Settlement Agreement") attached as **Exhibit "2"** to the Motion. Terms used but not defined in this Order have the meaning ascribed to them in the Settlement Agreement.

By way of the Motion, the Receiver seeks an Order preliminarily approving the Settlement Agreement and establishing procedures to provide notice of the settlement and an opportunity to object, setting a deadline to object, and scheduling a hearing. After reviewing the terms of the Settlement Agreement, reviewing the Motion and its exhibits, and considering the arguments and proffers set forth in the Motion, the Court preliminarily approves the Settlement Agreement and hereby establishes procedures for final approval of the Settlement Agreement and entry of the Bar Order as follows:

1. **Preliminary Approval.** Based upon the Court's review of the Settlement Agreement, the Motion and its attachments, and upon the arguments and proffers set forth in the

Motion, the Court preliminarily finds that the settlement is fair, adequate and reasonable, is a prudent exercise of the business judgment by the Receiver, and is the product of good faith, arm's length and non-collusive negotiations between the Receiver and Ariel Quiros. The Court, however, reserves a final ruling with respect to the terms of the Settlement Agreement, including the Bar Order, until after the Final Approval Hearing (defined below).

2. **Notice.** The Court approves the form and content of the notice attached as **Exhibit "D"** to the Settlement Agreement (the "Notice"). Service or publication of the Notice in accordance with the manner and method set forth in this paragraph constitutes good and sufficient notice, and is reasonably calculated under the circumstances to notify all interested parties of the Motion, the Settlement Agreement and the Bar Order, and of their opportunity to object thereto and attend the Final Approval Hearing (defined below) concerning these matters; furnishes all parties in interest a full and fair opportunity to evaluate the settlement and object to the Motion, the Settlement Agreement, the Bar Order, and all matters related thereto; and complies with all requirements of applicable law, including, without limitation, the Federal Rules of Civil Procedure, the Court's local rules, and the Unites States Constitution. Accordingly:

   a. The Receiver is directed, no later than 10 days after entry of this Order, to cause the Notice in substantially the same form as attached to the Settlement Agreement, to be served via email (or if no electronic mailing address is available, then by first class U.S. mail, postage prepaid) to:

      i. all counsel who have appeared of record in the SEC Action;

      ii. all counsel for all investors who are known by the Receiver to have appeared of record in any legal proceeding or arbitration commenced by

        or on behalf of any individual investor or putative class of investors seeking relief against Ariel Quiros in any manner related to the Receivership Entities or the subject matter of the SEC Action; and

    iii.    all known investors in each and every one of the Receivership Entities identified in the investor lists in the possession of the Receiver at the addresses set forth therein.

b. The Receiver is directed, no later than 10 days after entry of this Order, to cause the Notice in substantially the same form as attached to the Settlement Agreement to be published

    i.    twice a week for two consecutive weeks in the Vermont Digger; and

    ii.    on the website maintained by the Receiver in connection with the SEC Action (www.JayPeakReceivership.com).

c. The Receiver is directed to promptly provide copies of the Motion, the Settlement Agreement, and all exhibits and attachments thereto, to any person who requests such documents via email or other written notice to Kimberly Abbate at kimberly.abbate@akerman.com, or via telephone by calling Ms. Abbate at 954-759-8929. The Receiver may provide such materials in the form and manner that the Receiver deems most appropriate under the circumstances of the request.

d. The Receiver is directed, no later than 5 days before the Final Approval Hearing (defined below), to file with the Court in the SEC Action written evidence of compliance with the subparts of this paragraph, which may be in the form of an affidavit or declaration.

3. **Final Hearing.** A hearing will take place before the Honorable Darrin P. Gayles in the United States District Court for the Southern District of Florida, Wilkie D. Ferguson United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128, in Courtroom 11-1, at 1:30 p.m. on December 19, 2018 (the "Final Approval Hearing").

The purposes of the Final Approval Hearing will be to consider final approval of the Settlement Agreement and the entry of a Bar Order as provided in Ex. B to the Settlement Agreement.

4. **Objection Deadline; Objections and Appearances at the Final Approval Hearing.** Any person who objects to the terms of the Settlement Agreement, the Bar Order provision, the Motion, or any of the relief related to any of the foregoing, must file an objection, in writing, with the Court pursuant to the Court's Local Rules, no later than December 6, 2018.  All objections filed with the Court must:

   a. Contain the name, address, telephone number of the person filing the objection or his or her attorney;

   b. Be signed by the person filing the objection, or his or her attorney;

   c. State, in detail, the factual and legal grounds for the objection;

   d. Attach any document the Court should review in considering the objection and ruling on the Motion; and

   e. If the person filing the objection intends to appear at the Final Approval Hearing, make a request to do so.

Subject to the discretion of this Court, no person will be permitted to appear at the Final Approval Hearing without first filing a written objection and requesting to appear at the hearing in accordance with the provisions of this paragraph.  Copies of any objections filed must be served by email or regular mail on:

>
> Michael I. Goldberg
> (michael.goldberg@akerman.com)
> Akerman LLP
> 350 East Las Olas Boulevard, Ste. 1600
> Fort Lauderdale, FL 33301

>   -and-
>
>   Melissa Visconti, Esq.
>   (mvisconti@dvllp.com)
>   Damian & Valori, LLP
>   1000 Brickell Avenue, Suite 1020
>   Miami, FL. 33131

Any person failing to file an objection by the time and in the manner set forth in this paragraph shall be deemed to have waived the right to object (including any right to appeal) and to appear at the Final Approval Hearing, and such person shall be forever barred from raising such objection in this action or any other action or proceeding, subject to the discretion of this Court.

5. **Responses to Objections.**  Any party to the Settlement Agreement may respond to an objection filed pursuant to this Order by filing a response in the SEC Action.  To the extent any person filing an objection cannot be served by the Court's CM/ECF system, a response must be served to the email address provided by that objector, or, if no email address is provided, to the mailing address provided.

6. **Adjustments Concerning Hearing and Deadlines.**  The date, time and place for the Final Approval Hearing, and the deadlines and other requirements in this Order, shall be subject to adjournment, modification or cancellation by the Court without further notice other than that which may be posted by means of the Court's CM/ECF system in the SEC Action.  **If no objections are timely filed or if the objections are resolved before the hearing, the Court may cancel the Final Approval Hearing.**

7. **Jurisdiction.** The Court retains jurisdiction to consider all further matters relating to the Motion or the Settlement Agreement, including, without limitation, entry of an Order finally approving the Settlement Agreement and the Bar Order provision.

**DONE AND ORDERED in Chambers at Miami, Florida, this Friday, October 19, 2018.**

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

# Exhibit A

## (List of Receivership Entities)[2]

Jay Peak, Inc.

Q Resorts, Inc.

Jay Peak Hotel Suites L.P.

Jay Peak Hotel Suites Phase II L.P.

Jay Peak Management, Inc.

Jay Peak Penthouse Suites L.P.

Jay Peak GP Services, Inc.

Jay Peak Golf and Mountain Suites L.P.

Jay Peak GP Services Golf, Inc.

Jay Peak Lodge and Townhouses L.P.

Jay Peak GP Services Lodge, Inc.

Jay Peak Hotel Suites Stateside L.P.

Jay Peak GP Services Stateside, Inc.

Jay Peak Biomedical Research Park L.P.

AnC Bio Vermont GP Services, LLC

Q Burke Mountain Resort, Hotel and Conference Center, L.P.

Q Burke Mountain Resort GP Services, LLC

Jay Construction Management, Inc.

GSI of Dade County, Inc.

North East Contract Services, Inc.

Q Burke Mountain Resort, LLC

Q Burke Mountain Resort, Hotel and Conference Center, L.P.

Q Burke Mountain Resort GP Services, LLC

AnC Bio VT, LLC

---

[2] Receivership Entities shall include any affiliates and subsidiaries of the Receivership Entities.