UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-21301-GAYLES

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ARIEL QUIROS,
WILLIAM STENGER,
JAY PEAK, INC.,
Q RESORTS, INC.,
JAY PEAK HOTEL SUITES L.P.,
JAY PEAK HOTEL SUITES PHASE II. L.P.,
JAY PEAK MANAGEMENT, INC.,
JAY PEAK PENTHOUSE SUITES, L.P.,
JAY PEAK GP SERVICES, INC.,
JAY PEAK GOLF AND MOUNTAIN SUITES L.P.,
JAY PEAK GP SERVICES GOLF, INC.,
JAY PEAK LODGE AND TOWNHOUSES L.P.,
JAY PEAK GP SERVICES LODGE, INC.,
JAY PEAK HOTEL SUITES STATESIDE L.P.,
JAY PEAK GP SERVICES STATESIDE, INC.,
JAY PEAK BIOMEDICAL RESEARCH PARK L.P.,
AnC BIO VERMONT GP SERVICES, LLC,

Defendants,

JAY CONSTRUCTION MANAGEMENT, INC.,
GSI OF DADE COUNTY, INC.,
NORTH EAST CONTRACT SERVICES, INC.,
Q BURKE MOUNTAIN RESORT, LLC,

Relief Defendants, and

Q BURKE MOUNTAIN RESORT, HOTEL AND
   CONFERENCE CENTER, L.P.,
Q BURKE MOUNTAIN RESORT GP SERVICES, LLC

Additional Defendants
_____/

**RECEIVER'S UNOPPOSED MOTION TO APPROVE FIRST AMENDMENT TO SETTLEMENT AGREEMENT AND RELEASE WITH RAYMOND JAMES & ASSOCIATES, INC.; INCORPORATED MEMORANDUM OF LAW**

Michael I. Goldberg, as the court-appointed receiver (the "Receiver") for Jay Peak, Inc., Q Resorts, Inc., Jay Peak Hotel Suites L.P., Jay Peak Hotel Suites Phase II L.P., Jay Peak Management, Inc., Jay Peak Penthouse Suites L.P., Jay Peak GP Services, Inc., Jay Peak Golf and Mountain Suites L.P., Jay Peak GP Services Golf, Inc., Jay Peak Lodge and Townhouses L.P., Jay Peak GP Services Lodge, Inc., Jay Peak Hotel Suites Stateside L.P., Jay Peak GP Services Stateside, Inc., Jay Peak Biomedical Research Park L.P., AnC Bio Vermont GP Services, LLC, AnC Bio VT, LLC, Q Burke Mountain Resort, Hotel and Conference Center, L.P., Q Burke Mountain Resort GP Services, LLC, Jay Construction Management, Inc., GSI of Dade County, Inc., North East Contract Services, Inc., and Q Burke Mountain Resort, LLC (collectively, the "Receivership Entities"), in the above-captioned civil enforcement action (the "SEC Action"), files this *Unopposed Motion to Approve First Amendment to Settlement Agreement and Release with Raymond James & Associates, Inc.; Incorporated Memorandum of Law* (the "Motion").

## INTRODUCTION

As stated on the record by the Receiver's counsel at the April 6, 2021 final approval hearing on the Cason Plaintiffs' settlement with Edward J. Carroll, Esq. (and his law firms) and Mark H. Scribner, Esq. (and his law firm), the Receiver and Class Counsel have entered into an agreement with Raymond James & Associates, Inc. ("Raymond James") to amend the Settlement Agreement and Release between them that was approved by this Court on June 30, 2017 [DE 353]. The precise terms of the First Amendment to Settlement Agreement and Release ("Amendment") are more fully set forth in the Amendment, a copy of which is attached as **Exhibit A**, but in broad terms, the Amendment amends Section 6 of the original Settlement Agreement and Release by

increasing the percentage to which Raymond James is entitled for some recoveries in exchange for limiting the scope of Section 6 to only the four matters identified therein.

## **MEMORANDUM OF LAW**

"A district court has broad powers and wide discretion to determine relief in an equity receivership." *SEC. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992). In such an action, a district court has the power to approve a settlement that is fair, adequate and reasonable, and is the product of good faith after an adequate investigation by the receiver. *See Sterling v. Steward*, 158 F.3d 1199 (11th Cir. 1998). "Determining the fairness of the settlement is left to the sound discretion of the trial court and *we will not overturn the court's decision absent a clear showing of abuse of that discretion.*" *Id.* at 1202 (quoting *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (emphasis supplied)).

To approve a settlement in an equity receivership, a district court must find the settlement is fair, adequate and reasonable, and is not the product of collusion between the parties. *See Sterling*, 158 F.3d at 1203. To determine whether the settlement is fair, the court should examine the following factors: "(1) the likelihood of success; (2) the range of possible [recovery]; (3) the point on or below the range of [recovery] at which settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Id.* at 1203 n.6 (citing *Bennett*, 737 F.2d at 986).

Upon due consideration of these governing factors, the Amendment should be approved. Before entering into the Amendment, and upon receiving Raymond James's limited objection to another settlement that questioned the distribution provisions, the Receiver and his counsel engaged in extensive negotiations with Raymond James and its counsel to resolve not only the limited objection, but a broader agreement to amend the entire scope of the distributions to

Raymond James. The Receiver, thus, believes that Amendment is in the best interest of the Receivership Estate. It will simplify the process of potential future settlements by the Receiver, investors, and/or the Class. It will eliminate the briefing associated with Raymond James's limited objection to the Cason Plaintiff's settlement, thereby streamlining future settlements and the approval process associated therewith.

The Amendment was executed after extensive, arm's length negotiations conducted between the Parties and their experienced counsel in good faith. It was, of course, not the product of collusion. *See Hemphill v. San Diego Ass'n of Realtors, Inc.,* 225 F.R.D. 616, 621 (S.D. Cal. 2004) ("[T]he courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement[.]"). The proposed Amendment marks the culmination of extended negotiation efforts and is clearly not the product of collusion.

Such agreement is undoubtedly well within the range of reasonableness and provides clarity moving forward for the Receiver and Raymond James. The Amendment, therefore, provides a substantial benefit to the Receivership Entities and all of their investors and other creditors. Accordingly, the Amendment is fair, adequate and reasonable, not the product of collusion, and should be approved, and the proposed disbursement authorized.

## CONCLUSION

**WHEREFORE**, the Receiver respectfully requests that the Court grant this Motion and enter the proposed Approval Order attached hereto as **Exhibit B**.

## Local Rule 7.1 Certification of Counsel

Pursuant to Local Rule 7.1, undersigned counsel has conferred with counsel for the SEC and the SEC does not object to this Motion or the relief sought herein.

Case No. 16-cv-21301-GAYLES

Dated: April 21, 2021.

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Co-counsel for the Receiver*
201 South Biscayne Boulevard
Citigroup Center, 22nd Floor
Miami, FL 33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

By: */s/ Jeffrey C. Schneider*
JEFFREY C. SCHNEIDER, P.A.
Florida Bar No. 933244
Primary: jcs@lklsg.com
Secondary: ams@lklsg.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on April 21, 2021 via the Court's notice of electronic filing on all CM/ECF registered users entitled to notice in this case.

By: */s/ Jeffrey C. Schneider*
JEFFREY C. SCHNEIDER, P.A.