# EXHIBIT A

## **FIRST AMENDMENT TO SETTLEMENT AGREEMENT AND RELEASE**

**THIS FIRST AMENDMENT TO SETTLEMENT AGREEMENT AND RELEASE** (herein called this "Amendment") is made and entered into as of April 19, 2021 ("Amendment Effective Date"), by and among Michael I. Goldberg, in his capacity as receiver (the "Receiver") for the entities identified on Schedule A to the Settlement Agreement and Release (collectively, the "Receivership Entities"), Harley S. Tropin, and Kozyak Tropin & Throckmorton, LLP, as interim class counsel ("Class Counsel") on behalf of the plaintiffs in the Investor Class Action (as defined in the Agreement), and Raymond James & Associates, Inc. ("Raymond James"). The Receiver, Class Counsel, and Raymond James shall each be referred to as a "Party" and shall collectively be referred to as the "Parties." The Settlement Agreement and Release shall be referred to as the "Agreement."

**WHEREAS**, the Parties executed and entered into that certain Agreement dated as of April 13, 2017, which was approved on June 30, 2017 by United States District Judge Darrin Gayles in Case No. 16-cv-21301-Gayles pending in the United States District Court for the Southern District of Florida, styled *Securities and Exchange Commission v. Ariel Quiros, et al* (the "Litigation"); and

**WHEREAS**, the Parties desire to amend the Agreement as set forth below.

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. Defined Terms. Defined and capitalized terms in the Amendment will have the same meaning as defined and capitalized in the Agreement, unless otherwise indicated in this Amendment.

2. Recitals. The recitals set forth above are true and correct and hereby incorporated in their entirety by reference.

3. Continuing Effect. Other than as specifically amended below, all other terms in the Agreement remain in effect and unchanged.

4. Modification and Substitution. All modifications and/or substitutions to the Agreement shall be set forth below in **bold.** Where substitutions are indicated, the original language of the Agreement is deleted and replaced in its entirety by the substitute language set forth below.

The Parties hereby substitute the following language for Section 6 of the Agreement as follows:

**ASSIGNMENT OF PROCEEDS**

      a. **Litigation and Other Recoveries.** In accordance with the consideration received under this Agreement, Raymond James is entitled to receive the following percentages of the net proceeds (as defined in Section 6(b) below) recovered by the Receiver from the following matters brought by or on behalf of the Receiver or the Receivership Entities:

      i.      75% of the Receiver's net proceeds from the settlement of the matter captioned *Goldberg v. Saint Sauveur Valley Resorts, Inc.*, Case No. 2:17-cv-00061-cr in the United States District Court of Vermont;

      ii.      75% of the Receiver's net proceeds from the settlement of the matter captioned *Quiros v. Ironshore Indemnity, Inc.*, Case No. 16-25073-Civ-Cooke in the United States District Court for the Southern District of Florida;

      iii.      87.5% of the Receiver's net proceeds from the $550,000.00 settlement of the Receiver's potential claims against Edward J. Carroll, Esq. and Marc H. Scribner, Esq. and their law firms, as approved by Judge Gayles in his April 6, 2021 order in the SEC Litigation [DE 657];

      iv.      87.5% of the Receiver's net proceeds from any recovery, through litigation or otherwise, from Merrill Lynch, Pierce, Fenner & Smith Incorporated or any of its subsidiaries or affiliates.

Any amounts due to Raymond James pursuant to this Section shall become payable to Raymond James within ninety (90) days after the Receiver has received the recovery. Nothing in this Section 6(a) shall impact the Receiver's independence or ability to exercise his business judgment in deciding whether or not to pursue and/or settle any claims or recoveries. The Receiver hereby represents and warrants that he has not assigned any claims belonging to the Receivership Estate or any of the Receivership Entities, or proceeds of such claims, nor has he entered into any sharing agreements regarding such claims Notwithstanding anything in this Agreement or under applicable legal doctrine, Raymond James shall not have any standing or other right to appear and be heard in connection with the administration of the Receivership Estate or the Receiver's pursuit of the foregoing claims or recoveries, except to the extent necessary to protect Raymond James' rights under this Agreement. For purposes of clarity, Raymond James' sole right under Section 6(a) is the right to receive a percentage of the net proceeds of the foregoing four (4) matters, pursuant to the provisions set forth herein. Raymond James is not entitled to any other proceeds of any other recovery made by or on behalf of the Receiver or the Receivership Entities.

      b. As used in this Agreement, the term "net proceeds" means the amounts remaining from the recoveries of the Receiver, whether by litigation or otherwise, after

payment of all legitimate business expenses, including but not limited to, all liens, encumbrances and other valid interests, attorneys' fees, Receiver's fees, and other costs and expenses incurred in connection with obtaining such proceeds.

    c. The Receiver shall not pledge or mortgage any of the proceeds of the recoveries to which Raymond James is entitled.

5. <u>Multiple Counterparts.</u> This Amendment may be executed in a number of identical counterparts. If so executed, each of such counterparts shall be deemed an original for all purposes, and all such counterparts shall, collectively, constitute one Amendment.

6. <u>Facsimile or PDF Signatures.</u> For purposes of this Amendment, signatures delivered by facsimile or as a PDF attached to an e-mail shall be as binding as originals upon the parties so signing.

7. <u>Headings.</u> The use of headings, captions and numbers of the contents of particular sections are inserted only for the convenience of identifying and indexing various provisions in the Amendment and shall not be construed as a part of this Amendment or as a limitation on the scope of any of the terms or provisions of this Amendment.

8. <u>Parties.</u> This Amendment shall be binding upon the parties hereto and their respective successors and permitted assigns.

9. This Agreement shall not be valid and shall be of no force and effect until the Court approves this modification and such order of approval is final.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the latest date set forth below.

**Michael I. Goldberg, not individually, but solely in his capacity as Receiver for the Receivership Entities**

Dated: April ___, 2021.

**Raymond James & Associates, Inc., a Florida corporation**

By: _SCOTT A. CURTIN_
Its: _PRESIDENT, PRIVATE CLIENT GROUP_

Dated: April 20, 2021.

payment of all legitimate business expenses, including but not limited to, all liens, encumbrances and other valid interests, attorneys' fees, Receiver's fees, and other costs and expenses incurred in connection with obtaining such proceeds.

      c. The Receiver shall not pledge or mortgage any of the proceeds of the recoveries to which Raymond James is entitled.

5.     <u>Multiple Counterparts.</u> This Amendment may be executed in a number of identical counterparts. If so executed, each of such counterparts shall be deemed an original for all purposes, and all such counterparts shall, collectively, constitute one Amendment.

6.     <u>Facsimile or PDF Signatures.</u> For purposes of this Amendment, signatures delivered by facsimile or as a PDF attached to an e-mail shall be as binding as originals upon the parties so signing.

7.     <u>Headings.</u> The use of headings, captions and numbers of the contents of particular sections are inserted only for the convenience of identifying and indexing various provisions in the Amendment and shall not be construed as a part of this Amendment or as a limitation on the scope of any of the terms or provisions of this Amendment.

8.     <u>Parties.</u> This Amendment shall be binding upon the parties hereto and their respective successors and permitted assigns.

9.     This Agreement shall not be valid and shall be of no force and effect until the Court approves this modification and such order of approval is final.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the latest date set forth below.

| | |
|---|---|
| **Michael I. Goldberg, not individually, but solely in his capacity as Receiver for the Receivership Entities** | **Raymond James & Associates, Inc., a Florida corporation** |
| _____ <br> Dated: April ___, 2021. | _____ <br> By: _____ <br> Its: _____ <br><br> Dated: April ___, 2021. |

**Kozyak Tropin & Throckmorton, LLP,**
**as Class Counsel**

By: ___Tal J. Lifshitz___

Dated: April 20, 2021.