**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-CV-21301-GAYLES**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ARIEL QUIROS,
WILLIAM STENGER,
JAY PEAK, INC.,
Q RESORTS, INC.,
JAY PEAK HOTEL SUITES L.P.,
JAY PEAK HOTEL SUITES PHASE II. L.P.,
JAY PEAK MANAGEMENT, INC.,
JAY PEAK PENTHOUSE SUITES, L.P.,
JAY PEAK GP SERVICES, INC.,
JAY PEAK GOLF AND MOUNTAIN SUITES L.P.,
JAY PEAK GP SERVICES GOLF, INC.,
JAY PEAK LODGE AND TOWNHOUSES L.P.,
JAY PEAK GP SERVICES LODGE, INC.,
JAY PEAK HOTEL SUITES STATESIDE L.P.,
JAY PEAK GP SERVICES STATESIDE, INC.,
JAY PEAK BIOMEDICAL RESEARCH PARK L.P.,
AnC BIO VERMONT GP SERVICES, LLC,

    Defendants,

JAY CONSTRUCTION MANAGEMENT, INC.,
GSI OF DADE COUNTY, INC.,
NORTH EAST CONTRACT SERVICES, INC.,
Q BURKE MOUNTAIN RESORT, LLC,

    Relief Defendants, and

Q BURKE MOUNTAIN RESORT, HOTEL AND
    CONFERENCE CENTER, L.P.,
Q BURKE MOUNTAIN RESORT GP SERVICES, LLC

    Additional Defendants
_____/

**ORDER (I) PRELIMINARILY APPROVING SETTLEMENT AMONG RECEIVER, COUNSEL IN THE BARR ACTIONS, AND THE STATE OF VERMONT; (II) APPROVING FORM AND CONTENT OF NOTICE, AND MANNER AND METHOD OF SERVICE AND PUBLICATION; (III) SETTING DEADLINE TO OBJECT TO APPROVAL OF SETTLEMENT AND ENTRY OF BAR ORDER; AND (IV) SCHEDULING A HEARING**

**THIS MATTER** came before the Court upon the Motion for (i) Approval of Settlement among Receiver, Counsel in the Barr Actions, and the State of Vermont, along with its agencies and departments (collectively, the "**State of Vermont**"); (ii) Approval of Form, Content, and Manner of Notice of Settlement and Bar Order; (iii) Entry of Bar Order; and (iv) Scheduling a Hearing; with Incorporated Memorandum of Law [ECF No. 746] (the "**Motion**") filed by Michael I. Goldberg, as the Court-appointed receiver (the "**Receiver**") of the entities set forth on Exhibit A to this Order (the "**Receivership Entities**") in the above-captioned civil enforcement action (the "SEC Action"). The Motion concerns the Receiver's request for approval of a proposed settlement among: counsel for the plaintiffs identified on Schedule B to the Settlement Agreement that are represented by Barr Law Group in the approximately thirty-three (33) pending lawsuits (the "**Barr Actions**") brought against the State of Vermont (collectively, the "**Counsel in the Barr Actions**"); the Receiver; and the State of Vermont, which is memorialized in the settlement agreement attached to the Motion as Exhibit 1 (the "**Settlement Agreement**").

As used in this Order, the "**Parties**" means the Counsel in the Barr Actions; the Receiver; and the State of Vermont. Terms used but not defined in this Order have the meaning ascribed to them in the Settlement Agreement. To the extent there is any discrepancy between a defined term in the Settlement Agreement and the same defined term herein, the definition in the Settlement Agreement shall control.

By way of the Motion, the Receiver seeks an order preliminarily approving the Settlement Agreement and establishing procedures to provide notice of the settlement and an opportunity to

2

object, setting a deadline to object, and scheduling a hearing. After reviewing the terms of the Settlement Agreement, reviewing the Motion and its exhibits, and considering the arguments and proffers set forth in the Motion, the Court preliminarily approves the Settlement Agreement and hereby establishes procedures for final approval of the Settlement Agreement and entry of the Final Approval and Bar Order attached as Exhibit B to the Settlement Agreement (the "**Bar Order**") as follows:

1. **Preliminary Approval.** Based upon the Court's review of the Settlement Agreement, the Motion and its attachments, and upon the arguments and proffers set forth in the Motion, the Court preliminarily finds that the settlement is fair, adequate and reasonable, is a prudent exercise of the business judgment by the Receiver, Counsel in the Barr Actions and the State of Vermont, and is the product of good faith, arm's length and non-collusive negotiations between the Counsel in the Barr Actions, the State of Vermont, and the Receiver. The Court, however, reserves a final ruling with respect to the terms of the Settlement Agreement, including the Bar Order, until after the Final Approval Hearing (defined below) occurs, or is cancelled pursuant to Section 7, infra.

2. **Notice.** The Court approves the form and content of the notice attached as Exhibit C to the Settlement Agreement (the "**Notice**"). Service or publication of the Notice in accordance with the manner and method set forth in this paragraph constitutes good and sufficient notice, and is reasonably calculated under the circumstances to notify all interested parties of the Motion, the Settlement Agreement, and the Bar Order, and of their opportunity to object thereto and attend the Final Approval Hearing (defined below) concerning these matters; furnishes all parties in interest a full and fair opportunity to evaluate the settlement and object to the Motion, the Settlement Agreement, the Bar Order, and all matters related

thereto; and complies with all requirements of applicable law, including, without limitation, the Federal Rules of Civil Procedure, the Court's local rules, and the United States Constitution. Accordingly:

a. The Receiver is directed, no later than 10 days after entry of this Order, to cause the Notice in substantially the same form as attached to the Settlement Agreement to be served by first class U.S. mail, postage prepaid, to:

   i. all counsel who have appeared of record in the SEC Action;

   ii. all counsel who are known by the Receiver to have appeared of record in any legal proceeding or arbitration commenced by or on behalf of any of the Receivership Entities, in the Barr Actions, or any individual investor or putative class of investors seeking relief against any person or entity relating in any manner to the Receivership Entities or the subject matter of the SEC Action or the Barr Actions;

   iii. all known investors in each and every one of the Receivership Entities identified in the investor lists in the possession of the Receiver at the addresses set forth therein;

   iv. all known non-investor creditors of each and every one of the Receivership Entities identified after a reasonable search by the Receiver;

   v. all parties to the SEC Action;

   vi. all professionals, financial institutions, and consultants of the Receivership Entities that previously received notice of the Receiver's settlements for which bar orders were requested and issued;

   vii. all owners, officers, directors, and senior management employees of the Receivership Entities that previously received notice of the Receiver's settlements for which bar orders were requested and issued; and

   viii. all other persons or entities that previously received notice of the Receiver's settlements for which bar orders were requested and issued.

b. The Receiver is directed, no later than 10 days after entry of this Order, to cause the Notice in substantially the same form as attached to the Settlement Agreement to be published:

      i. twice a week for three consecutive weeks in each of The Burlington Free Press and Vermont Digger; and

      ii. on the website maintained by the Receiver in connection with the SEC Action (www.JayPeakReceivership.com).

  c. The Receiver is directed to promptly provide copies of the Motion, the Settlement Agreement, and all exhibits and attachments thereto, to any person who requests such documents via email to Kimberly Smiley at kimberly.smiley@akerman.com, or via telephone by calling Ms. Smiley at 954-759-8929.  The Receiver may provide such materials in the form and manner that the Receiver deems most appropriate under the circumstances of the request.

  d. The Receiver is directed, no later than 5 days before the Final Approval Hearing (defined below), to file with this Court written evidence of compliance with the subparts of this paragraph, which may be in the form of an affidavit or declaration.

3. **Final Hearing.**  The Court will conduct a hearing via Zoom before the Honorable Darrin P. Gayles in the United States District Court for the Southern District of Florida, Wilkie D. Ferguson United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128, at 1:30 p.m. on October 23, 2023 (the "**Final Approval Hearing**").  The link for the Zoom hearing will be circulated before the Final Approval Hearing.  The purposes of the Final Approval Hearing will be to consider final approval of the Settlement Agreement, entry of the Bar Order, and award of attorneys' fees as described in paragraph 7 of the Settlement Agreement.

4. **Objection Deadline; Objections and Appearances at the Final Approval Hearing.**  Any person who objects to the terms of the Settlement Agreement, the Bar Order, the Motion, or any of the relief related to any of the foregoing, must file an objection, in

5

writing, with the Court pursuant to the Court's Local Rules, no later than thirty (30) days before the Final Approval Hearing. All objections filed with the Court must:

a. Contain the name, address, telephone number of the person filing the objection or his or her attorney;

b. Be signed by the person filing the objection, or his or her attorney;

c. State, in detail, the factual and legal grounds for the objection;

d. Attach any document the Court should review in considering the objection and ruling on the Motion; and

e. If the person filing the objection intends to appear at the Final Approval Hearing, make a request to do so.

Subject to the discretion of this Court, no person will be permitted to appear at the Final Approval Hearing without first filing a written objection and requesting to appear at the hearing in accordance with the provisions of this paragraph. Copies of any objections filed must be served by email and regular mail on:

>  Michael I. Goldberg, Esq.
>  Akerman LLP
>  The Main Las Olas
>  201 East Las Olas Boulevard
>  Suite 1800
>  Fort Lauderdale, FL 33301
>  Tel: (954) 468-2444
>  Fax: (954) 463-2224
>  Email: michael.goldberg@akerman.com
>
>  Jeffrey C. Schneider, Esq.
>  Levine Kellogg Lehman Schneider + Grossman, LLP
>  Miami Tower
>  100 SE 2nd Street, 36th Floor
>  Miami, FL 33131
>  Tel: (305) 403-8788
>  Fax: (305) 403-8789
>  Email: jcs@lklsg.com

>Russell D. Barr, Esq.
>Chandler W. Matson, Esq.
>Barr Law Group
>125 Mountain Road
>Stowe, Vermont 05672
>Tel: (802) 253-6272
>Fax: (802) 253-6055
>Email: russ@barrlaw.com
>Email: chandler@barrlaw.com
>
>Benjamin D. Battles, Esq.
>Chief, General Counsel and Administrative Law Division
>Vermont Attorney General's Office
>109 State Street
>Montpelier, VT 05609
>Tel: (802) 793-8537
>Email: benjamin.battles@vermont.gov

Any person failing to file an objection by the time and in the manner set forth in this paragraph shall be deemed to have waived the right to object (including any right to appeal) and to appear at the Final Approval Hearing, and such person shall be forever barred from raising such objection in this action or any other action or proceeding, subject to the discretion of this Court.

5. **Responses to Objections.** Any party to the Settlement Agreement may respond to an objection filed pursuant to this Order by filing a response in this Action. To the extent any person filing an objection cannot be served by the Court's CM/ECF system, a response must be served to the email address provided by that objector, or, if no email address is provided, to the mailing address provided.

6. **Attorneys' Fees.** As set forth in the Settlement Agreement, within thirty (30) days of the entry of this Order, lead counsel in the Barr Actions (Russell D. Barr) must advise the Receiver, in writing, that there is agreement among all Counsel in the Barr Actions on an

allocation of the Attorneys' Fund.  The procedures for distribution of the Attorneys' Fund set forth in the Settlement Agreement are hereby approved by this Court.

7. **Adjustments Concerning Hearing and Deadlines.**  The date, time and place for the Final Approval Hearing, and the deadlines and other requirements in this Order, shall be subject to adjournment, modification or cancellation by the Court without further notice other than that which may be posted by means of the Court's CM/ECF system in the SEC Action.  **If no objections are timely filed or if the objections are resolved before the hearing, the Court may cancel the Final Approval Hearing.**

8. **No Admission.**  Nothing in this Order or the Settlement Agreement is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the settling parties with regard to the SEC Action, the Barr Actions, or any other case or proceeding.

9. **Jurisdiction.**  The Court retains jurisdiction to consider all further matters relating to the Motion or the Settlement Agreement, including, without limitation, entry of an Order finally approving the Settlement Agreement and the Bar Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of August, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

# Exhibit A

### (List of Receivership Entities)

Jay Peak, Inc.

Q Resorts, Inc.

Jay Peak Hotel Suites L.P.

Jay Peak Hotel Suites Phase II L.P.

Jay Peak Management, Inc.

Jay Peak Penthouse Suites L.P.

Jay Peak GP Services, Inc.

Jay Peak Golf and Mountain Suites L.P.

Jay Peak GP Services Golf, Inc.

Jay Peak Lodge and Townhouses L.P.

Jay Peak GP Services Lodge, Inc.

Jay Peak Hotel Suites Stateside L.P.

Jay Peak GP Services Stateside, Inc.

Jay Peak Biomedical Research Park L.P.

AnC Bio Vermont GP Services, LLC

AnC Bio VT, LLC[1]

Q Burke Mountain Resort, Hotel and Conference Center, L.P.

Q Burke Mountain Resort GP Services, LLC

Jay Construction Management, Inc.

GSI of Dade County, Inc.

North East Contract Services, Inc.[2]

Q Burke Mountain Resort, LLC

---

[1] Also referred to as: AnC Bio Vt LLC; AnC Bio Vermont, LLC; AnCBioVT; AnCBio Vermont LLC; AnCBio VT LLC; and AnCBioVermont.  *See* SEC Action, DE #492 and 493.

[2] Also referred to as: North East Contract Services, LLC.